April 3, 2019

**Via ECF**

Judge Jon S. Tigar
United States District Court
for the Northern District of California
450 Golden Gate Avenue,
San Francisco, CA 94102

      Re:    *Holley et al. v. Gilead Sciences, Inc.*, No. 3:18-cv-06972-JST;
              *Dowdy et al. v. Gilead Sciences, Inc.*, No. 3:19-cv-00481-JST

Dear Judge Tigar:

      Pursuant to Federal Rules of Civil Procedure 26(c) and 37(a), and Your Honor's Standing Order for All Civil Cases § J, Plaintiffs and Defendant Gilead Sciences, Inc. ("Gilead") respectfully submit this joint letter brief regarding the parties' dispute with respect to whether "good cause" exists to stay discovery pending the Court's decision on Gilead's consolidated motion to dismiss. The parties met and conferred in a good-faith attempt to resolve this issue, but could not agree. Gilead's position is that discovery should be briefly stayed in this matter pending resolution of Gilead's potentially case dispositive motion to dismiss, which will soon be fully briefed and is scheduled to be heard on May 9, 2019. Plaintiffs believe that no "good cause" exists for a stay and seek to compel Gilead to: (a) provide substantive written responses to Plaintiffs' requests for production; and (b) produce responsive documents, beginning with a limited set of documents that comprise the Food and Drug Administration file for certain of the TDF and TAF drugs that are relevant to Plaintiffs' claims.

Factual Background

      The *Holley* Plaintiffs filed their complaint on November 16, 2018. *Holley* ECF No. 1. The *Dowdy* Plaintiffs filed their complaint on January 28, 2019. *Dowdy* ECF No. 1. Gilead filed a consolidated motion to dismiss *Holley* and *Dowdy* on February 27, 2019. *Holley* ECF No. 45; *Dowdy* ECF No. 30 ("Def.'s Mot."). Plaintiffs filed a revised consolidated opposition to Gilead's motion on March 25, 2019. *Holley* ECF No. 54; *Dowdy* ECF No. 40 ("Pls.' Opp'n"). Gilead's reply in further support of its motion is due April 19, 2019, and the hearing on Gilead's motion is set for May 9, 2019. *Holley* ECF No. 53; *Dowdy* ECF No. 39.

      On January 15, 2019, the *Holley* Plaintiffs served Gilead with their First Set of Requests for Production of Documents. On February 12, 2019, Plaintiffs agreed to extend Gilead's time to respond to those requests pending the case management conference that was then scheduled for March 13, 2019. The parties agreed that, if the Court ruled that a stay was not warranted, Gilead would respond to Plaintiffs' requests by March 27, 2019. On March 1, 2019, the *Holley* Plaintiffs served Gilead with their Second Set of Requests for Production of Documents and the *Dowdy* Plaintiffs served Gilead with their First and Second Sets of Requests for Production of Documents—which are identical to the requests served in *Holley*.

-1-

On March 4, 2019, the parties filed their Joint Case Management Statement, which describes, in general terms, the parties' positions regarding a stay pending the Court's motion to dismiss decision. *Holley* ECF No. 49; *Dowdy* ECF No. 35. On March 11, 2019, the Court vacated the case management conference scheduled for March 13, 2019. *Holley* ECF No. 50; *Dowdy* ECF No. 36. The Court has rescheduled the case management conference for April 23, 2019. *Holley* ECF No. 56. Because the case management conference was continued and the Court has not ruled on a stay, Gilead has not yet provided written responses to Plaintiffs' First or Second Set of Requests for Production.

Gilead's Position

Until there is a ruling on Gilead's pending, potentially case dispositive motion to dismiss, discovery should be stayed. Good cause exists for a brief stay of discovery pending the Court's ruling because *all* of Plaintiffs' claims are preempted by federal law or otherwise defective and thus fail as a matter of law. Def.'s Mot. at 5-21. Gilead respectfully requests that this matter be addressed at the case management conference, now scheduled for April 23, 2019.

This Court has significant discretion in controlling discovery, including the discretion to stay discovery upon a showing of good cause. *See* Fed. R. Civ. P. 26(c)(1)(A); *In re Nexus 6p Prod. Liab. Litig.*, No. 17-02185, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) ("*Nexus*"). In considering whether to stay discovery pending resolution of a motion to dismiss, courts in this District apply a two-pronged test. *See Micron Tech., Inc. v. United Microelectronics Corp.*, No. 17-06932, 2018 WL 7288018, at *1 (N.D. Cal. Mar. 16, 2018); *Nexus*, 2017 WL 3581188, at *1. "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Nexus*, 2017 WL 3581188, at *1. "Second, the court must determine whether the pending motion can be decided absent discovery." *Id.* Here, both prongs are satisfied and a stay is warranted.

*First*, Gilead's motion to dismiss is potentially dispositive of the entire case because Plaintiffs have failed to state any plausible claim for relief. In considering this factor, courts take a "preliminary peek" at the merits of the motion to dismiss. *Nexus*, 2017 WL 3581188, at *1. Here, Plaintiffs allegedly took one or more of Gilead's life-saving HIV medications containing the prodrug tenofovir disoproxil fumarate ("TDF"). *Holley* Compl. ¶¶ 1 n.1, 22, 522; *Dowdy* Compl. ¶¶ 1 n.1, 21, 367. Plaintiffs do not—and could not—allege that Gilead's TDF medications were ineffective for treating HIV. Instead, they allege that they suffered kidney or bone injuries as a result of using these medications and bring a variety of claims premised on two theories: (1) Gilead should have altered the design of the medications by replacing TDF with an allegedly superior chemical compound, tenofovir alafenamide ("TAF"), and reducing the dose of TDF; and (2) Gilead failed to adequately warn Plaintiffs or their physicians about the kidney and bone risks of the TDF medications. *Holley* Compl. ¶¶ 15, 392-3, 397, 399; *Dowdy* Compl. ¶¶ 15, 276-77, 281, 283. As outlined in the motion to dismiss, *all* of Plaintiffs' claims are preempted by federal law, because (1) Gilead could not have changed the design of its TDF-containing drugs without first obtaining FDA approval, and (2) Gilead could not change the labeling of its TDF medications without prior FDA approval, absent newly acquired information, which Plaintiffs' Complaints do not allege. Def.'s Mot. at 5-13. In addition, Gilead had no duty to introduce TAF-containing medications at an earlier date, and Plaintiffs also fail to adequately allege causation,

or to plead their fraud and consumer protection claims with the specificity required under Rule 9(b). *Id.* at 14-21. Plaintiffs argue that Gilead must show that leave to amend will not be granted, but that is not a prerequisite for granting a stay of discovery. *See Micron Tech., Inc.*, 2018 WL 7288018, at *1.

*Second*, Gilead's motion to dismiss is based on the allegations of the Complaints and can be decided without discovery. *Nexus*, 2017 WL 3581188, at *1; *see also Pierot v. Gilead Sciences, Inc.*, No. 18-0975, 2019 WL 1123148, at *5 (W.D. La. Mar. 11, 2019) (granting Gilead's motion to dismiss in related case without discovery). While Plaintiffs suggest that fact and expert discovery will be required, this turns Rule 12 on its head. Plaintiffs must first allege sufficient factual matter that, taken as true, states a plausible claim for relief *before* taking discovery, not the other way around. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Corazon v. Aurora Loan Servs., LLC*, No. 11-00542, 2011 WL 1740099, at *5 (N.D. Cal. May 5, 2011).

*Finally*, good cause exists for a stay. Gilead has, at a minimum, strong arguments for dismissal of all Plaintiffs' claims. Def.'s Mot. at 8-14; *see also Nexus*, 2017 WL 3581188, at *1 (granting a stay where defendant presented "strong arguments" for dismissal of express warranty claims); *Micron Tech., Inc.*, 2018 WL 7288018, at *1 (granting a stay as to defendant who raised a dispositive argument regarding personal jurisdiction). In these circumstances, discovery at this juncture would impose an undue burden and expense on Gilead and waste the resources of the parties and the court. *See Irving Firemen's Relief & Ret. Fund v. Uber Techs.*, No. 17-05558, 2018 WL 4181954, at *9 (N.D. Cal. Aug. 31, 2018) ("Allowing further discovery in the absence of a well-pleaded complaint also risks unnecessarily expending the resources of the Court and the parties."). The 2015 changes to Federal Rule of Civil Procedure 26 to increase the focus on proportionality make much of Plaintiffs' older case law on the issue irrelevant. Indeed, the burdens are particularly acute here, where Plaintiffs have served 58 exceedingly broad document requests, seeking, among others, documents related to multiple medications, including several TAF medications that Plaintiffs never took.[1] At a minimum, the Court's ruling will significantly inform the scope of discovery, including as to these TAF medications Plaintiffs do not allege caused any injury. Moreover, a stay will not substantially delay the litigation or prejudice Plaintiffs, as Gilead's motion will be heard in a matter of weeks, on May 9.

A stay of discovery would also be consistent with the status of related cases pending in other jurisdictions, where discovery has remained stayed pending the resolution of pleading motions, and for good reason.[2] A federal court in Louisiana recently granted Gilead's motion to

---

[1] After Plaintiffs rejected Gilead's request for a complete stay, Gilead offered to proceed with written responses and to meet and confer on Plaintiffs' requests related to the TDF medications that allegedly caused Plaintiffs' injuries, while deferring discussions on the TAF medications that did not. Gilead also agreed to proceed with collection and review of the FDA filings made in connection with the TDF medications, even though those costly efforts—requiring review of many thousands of pages of material for redaction of personal information that is protected by federal and state law—in Gilead's view, are likely to be obviated by the Court's motion to dismiss ruling. Plaintiffs rejected Gilead's compromise offer, demanding immediate discovery into the TAF drugs Plaintiffs do not allege caused injury. *See In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002) ("The Court retains ample discretion to tailor discovery to minimize incidental costs incurred by defendants with pending motions to dismiss.").

[2] There are, at present, five other cases in federal and state court. *See Dechow v. Gilead Sciences, Inc.*, No. 18-cv-9362 (C.D. Cal.); *Martinez v. Gilead Sciences, Inc.*, Case No. BC705063 (Cal. Super. Ct.);

-3-

dismiss all of the plaintiff's claims on statute of limitations grounds, and that plaintiff subsequently voluntarily dismissed his suit. *Pierot*, 2019 WL 1123148, at *5; *see also AIDS Healthcare Foundation*, No. 16-443, 2016 WL 3648623, at *9 (N.D. Cal. July 6, 2016), *aff'd*, 890 F.3d 986 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 415 (2018) (dismissing with prejudice claims based on allegations that Gilead had a duty to bring TAF medications to market at an earlier date).

Plaintiffs' Position

The "Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery." *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-cv-05847-JST, 2013 U.S. Dist. LEXIS 61848, at *5–6 (N.D. Cal. Apr. 29, 2013) (Tigar, J.) (internal citations and quotations omitted). A motion seeking to stay discovery must therefore be supported by "good cause" and a "strong showing." *Id*. (internal citations and quotations omitted). Good cause for a stay may exist if the Court is "convinced" that Plaintiffs "will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). To determine whether they are "convinced" of the need for a stay, courts generally consider two factors: "(1) whether the pending motion is potentially dispositive of the entire case; and (2) whether the pending motion can be decided absent additional discovery." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2018 U.S. Dist. LEXIS 26244, at *2 (N.D. Cal. Feb. 16, 2018). This two-factor test is not satisfied by "superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation." *Id*. at *2–3. Rather, the "moving party must show a particular and specific need for the protective order as opposed to making stereotyped or conclusory statements." *Rheumatology Diagnostics Lab., Inc.*, 2013 U.S. Dist. LEXIS 61848, at *6–7 (internal citations and quotations omitted).

Gilead cannot satisfy its burden with respect to the first factor merely because it moved to dismiss Plaintiffs' claims on preemption grounds. Instead, Gilead must show that dismissal of Plaintiffs' complaints, without leave to amend, is more likely than denial of Gilead's motion. *See Optronic Techs., Inc.*, 2018 U.S. Dist. LEXIS 26244, at *3–4 ("[T]he pending motion to dismiss could be dispositive of the entire action, *if* granted in its entirety and *if* the court decides that further leave to amend should not be permitted. But those are big 'ifs.'") (emphasis in original). Gilead cannot make this showing. Plaintiffs' failure to warn claims are not preempted because Plaintiffs sufficiently alleged that Gilead could have changed its labels unilaterally, and Gilead did not even attempt to meet the "clear evidence" standard required by *Wyeth v. Levine*, 555 U.S. 555 (2009). *See* Pls.' Opp'n at 13–17. Moreover, many courts have held that similar design defect claims are not preempted—including in a case challenging the same design defect Plaintiffs challenge here. *See id.* at 7–10.[3] A stay is not warranted simply because Gilead can cite some law favorable to its position. *See Parker v. Stryker Corp.*, No. 08-cv-01093, 2008 U.S. Dist. LEXIS 87518, at *5 (D. Colo. Oct. 1, 2008) (denying stay of discovery where both parties cited preemption case law that supported their respective positions). Because Gilead cannot

---

*Lujano v. Gilead Sciences*, Case No. BC702302 (Cal. Super. Ct.); *Grim v. Gilead Sciences, Inc.*, Case No. 18STCV09777 (Cal. Super. Ct.); *Newton v. Gilead Sciences, Inc.*, Case No. 19STCV10185 (Cal. Super. Ct.).

[3] Gilead's other motion to dismiss arguments also fail. *See* Pls.' Opp'n. at 17–25.

satisfy its burden on this first factor, a stay must be denied. *See Mlejnecky v. Olympus Imaging Am., Inc.*, No. 10-cv-2630, 2011 U.S. Dist. LEXIS 16128, at *33 (E.D. Cal. Feb. 7, 2011).

Regarding the second factor, Gilead's preemption arguments can be rejected outright, without discovery. *See generally* Pls.' Opp'n. Accordingly, a stay would only delay discovery and frustrate the "expeditious resolution" of the litigation. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). In the alternative, Gilead's motion should not be decided absent discovery. Evidence regarding whether Gilead possessed "newly acquired information" that could have prompted a label change exists in Gilead's internal documents, which Plaintiffs can only access through discovery. In addition, Gilead argues that Plaintiffs' design defect claims are preempted under the erroneous "too attenuated" standard articulated in *Yates v. Ortho-McNeil-Janssen Pharms., Inc.*, 808 F.3d 281, 299 (6th Cir. 2015). Plaintiffs explain in their brief why *Yates* is deeply flawed and inapplicable. *See* Pls.' Opp'n at 11–13. But if *Yates* applied, Plaintiffs can only determine when the safer alternative designs would have been approved—had Gilead not purposefully withheld them—through fact and expert discovery. *See id.* at 12.

Gilead has not established a "particular and specific need" to stay all discovery in the case. The Court should compel Gilead to: (a) provide substantive written responses to Plaintiffs' document requests—the vast majority of which Gilead has had for two-and-a-half months; and (b) produce responsive documents, beginning with the Investigational New Drug applications and New Drug Applications for the (i) TDF drugs that injured Plaintiffs (Viread, Truvada, Atripla, Complera, and Stribild) and (ii) TAF drugs that are identical to their counterpart TDF drugs except for the substitution of TAF for TDF (Genvoya, Descovy, and Odefsey). These FDA regulatory filings contain highly relevant preclinical and clinical data regarding the relative safety of TDF and TAF, as well as negotiations between the FDA and Gilead about the drugs' labels. Gilead's burden in producing the documents is minimal. Gilead can produce the FDA documents without having to identify relevant custodians or conduct searches of its electronically stored information for potentially responsive information. And because these documents exchanged between Gilead and the FDA are not privileged, Gilead can produce them without conducting a privilege review.

Gilead's suggestion that documents relating to the TAF drugs are somehow irrelevant because Plaintiffs did not take them ignores the allegations in Plaintiffs' well-pleaded complaints. Gilead gained FDA approval to begin clinical trials and market the TAF drugs based on data that showed TAF is safer than TDF. *Holley* Compl. ¶¶ 237–42, 296–300; *Dowdy* Compl. ¶¶ 121–26, 180–84. The TAF regulatory documents are thus relevant to Gilead's knowledge of the safer alternative TAF design—an issue at the heart of Plaintiffs' design defect claims. The TAF documents are also relevant to Plaintiffs' failure to warn claims because they evidence Gilead's knowledge of the risks of TDF. In addition, Plaintiffs allege that Gilead issued stronger warnings in its TAF drug labels than its TDF drug labels even though the TAF drugs are safer. *Holley* Compl. ¶ 360; *Dowdy* Compl. ¶ 244. Gilead's warnings regarding safer TAF are therefore relevant to the adequacy of its warnings regarding TDF. Gilead has not shown any specific prejudice or harm that would result from producing the regulatory files now, as opposed to later. There is no efficiency to be gained by delaying the production of documents that will be relevant so long as any claim remains.

-6-

Respectfully submitted,

*/s/ Steve W. Berman*
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com

*Attorney for Plaintiffs*


*/s/ Alycia Degen*
Alycia Degen
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6682
Email: adegen@sidley.com

*Attorney for Defendant*

010759-11/1112535 V4

**Attestation Pursuant to Civil Local Rule 5-1(i)(3)**

I, Steve W. Berman, am the ECF user whose identification and password are being used to file the foregoing document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: April 3, 2019                                        */s/ Steve W. Berman*
                                                                         Steve W. Berman