UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, *et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>GILEAD SCIENCES, INC.,<br><br>      Defendant.<br><br>This document relates to:<br><br>  ALL ACTIONS | Case Nos. 3:18-cv-06972-JST<br>(and all consolidated actions)<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**[PROPOSED]** **CASE MANAGEMENT ORDER ON PLAINTIFF FACT SHEETS AND DOCUMENT PRODUCTIONS** |

1. **PLAINTIFF FACT SHEET**

   a. This Order applies to all Plaintiffs and their counsel in *Holley v. Gilead Sciences, Inc.*, No. 3:18-cv-06972-JST (N.D. Cal.) and all cases that now or in the future are consolidated with *Holley*. This Order governs Plaintiffs' production of a form Plaintiff Fact Sheet ("PFS"), attached as Exhibit A.

   b. **Timing of Responses.** Each Plaintiff shall complete and execute a PFS, and produce all authorizations and documents requested in the PFS, within the later of (i) sixty (60) days of the entry of this Order, (ii) sixty (60) days of the date the template for loading a PFS into the

database referenced in Section 1.c is available, or (iii) within sixty (60) days of the date of an order consolidating the Plaintiff's case with *Holley*.  If a Plaintiff is suing in a representative or derivative capacity, the PFS shall be completed by the person with the legal authority to represent the estate or person under legal disability.  The Parties may jointly agree on an extension of time to respond to the PFS without court order.

c. **Service.**  Plaintiffs shall complete and serve their PFS, authorizations, and documents responsive to the requests for production of documents set forth in the PFS by uploading them to the database maintained by a database vendor to be identified by the parties, on which the parties are continuing to meet and confer.  Any medical, pharmacy and insurance records shall be produced as searchable PDFs, with each facility or provider's records contained in a separate PDF titled with the facility or provider's name.  Authorizations shall be uploaded as separate PDFs titled with the facility or provider's name.  All other documents shall be produced in the format set forth in the ESI Order.  *See* Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation, ECF No. 72.

d. **Scope of Responses**.  In completing the PFS, each Plaintiff is required to provide a PFS that is substantially complete in all respects.  For a PFS to be "substantially complete in all respects," the responding Plaintiff must:

(1) answer the questions contained in the PFS to the best of his or her ability, providing as much information as he or she can including by consulting documents in his or her custody or possession or his or her attorney's custody or possession; Plaintiff may answer questions in good faith by indicating "not applicable", "I don't know", "do not recall" or "unknown" where Plaintiff can provide no other information, but this does not relieve Plaintiff from providing his or her best estimate where applicable (e.g., if Plaintiff cannot provide the specific date of an event, she should provide her best estimate of the date and/or a description of the time period);

      (2) produce all responsive documents in Plaintiff's custody or possession or her attorney's custody or possession, pursuant to the Document Demands in Section IX of the PFS;

      (3) produce all completed and executed authorizations, pursuant to the Authorizations requested in Section X of the PFS and attached hereto as Exhibit B (which may be amended to reflect the identity of medical records collection vendors without further order of the Court); and

      (4) sign the Declaration found at the end of the PFS. The Declaration found at the end of the PFS may be executed using Docusign or another similar e-signature format, provided the Plaintiff shall produce the Certificate of Completion or similar metadata confirming the e-signature upon request from Defendant.

  e. **Treatment as Rule 33 Responses.** Except as otherwise ordered, the questions on the PFS shall be treated as interrogatories under Rule 33 of the Federal Rules of Civil Procedure, and shall be subject to the rules applicable to such interrogatories, including the duty to supplement responses. Each completed PFS shall be verified, signed and dated by the Plaintiff or the Plaintiff's representative as if it were interrogatory responses under Fed. R. Civ. P. 33. All responses in a PFS or amendment thereto are binding on the individual Plaintiff as if they were contained in answers to interrogatories under Fed. R. Civ. P. 33 and can be used for any purpose and in any manner that answers to interrogatories can be used pursuant to the Federal Rules of Civil Procedure. Accordingly, Defendant's use of the PFS is in lieu of interrogatories that Defendant otherwise would have propounded, but is without prejudice to any right of the Defendant to propound additional discovery requests following a meet and confer; any disputes about whether additional discovery requests should be served shall be raised with the Court in a joint letter pursuant to Section J of this Court's Standing Order for All Civil Cases.

  f. **Treatment as Rule 34 Responses.** Except as otherwise ordered, any document production request shall be treated as a document production request under Rule 34 of the Federal Rules

of Civil Procedure, and shall be subject to the rules applicable to such requests, including the duty to supplement responses.  Accordingly, Defendant's use of the PFS is in lieu of document requests that Defendant otherwise would have propounded, but is without prejudice to any right of the Defendant to propound additional discovery requests following a meet and confer; any disputes about whether additional discovery requests should be served shall be raised with the Court in a joint letter pursuant to Section J of this Court's Standing Order for All Civil Cases.

    g. **Objections.**  The PFS shall be answered without objection as to relevance or the form of the questions posed in the PFS.  If a Plaintiff withholds or redacts any information or document based on privilege, Plaintiff shall provide Defendant with a privilege log.

    h. **Scope and Admissibility of Information.**  Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions or in future discovery, or the admissibility of evidence at trial.  The admissibility of information in the PFS shall be governed by the Federal Rules of Evidence, and no objections to admissibility are waived by virtue of any PFS response.

2. **FAILURE TO SUBMIT A PFS AND PFS DEFICIENCIES**

    a. **Deficiency Letters.**  If Plaintiff fails to timely submit a PFS, or if Defendant deems a PFS deficient, Defendant's counsel shall notify Plaintiff's attorney of record of the purported deficiencies in writing via email and allow such Plaintiff an additional thirty (30) days to correct the alleged deficiency.  This letter shall include sufficient detail for the Parties to meet and confer regarding the alleged deficiencies.  Defendant retains the right to send a subsequent deficiency letter following a Plaintiff's response to an initial deficiency notice.

    b. **Failure to Submit PFS or Cure Deficiency.**  If after service of a deficiency letter, Plaintiff fails to submit a PFS or otherwise fails to cure the alleged deficiency as outlined in section 2.a above or within such other time as may be agreed upon by the Parties, Defendant may, following a meet and confer with Plaintiff's Counsel (which may occur at any time after the issuance of the deficiency letter) and the expiration of the thirty (30) days provided for in Section 2.a above, move the Court for an order dismissing the Plaintiff's claims without

prejudice.  Plaintiff shall have fourteen (14) days from the date of the Defendant's motion to file a response either (1) certifying that the Plaintiff has submitted a substantially completed PFS or (2) opposing the Defendant's motion for other reasons.  Defendant shall have seven (7) days to file any reply.  If a Plaintiff certifies that he or she has submitted a substantially completed PFS, the Plaintiff's claims shall not be dismissed unless the Court finds that the certification is false or incorrect or the Court determines that dismissal is otherwise warranted, but this does not preclude Defendant from continuing to seek an order requiring the Plaintiff to cure any deficiencies in the Plaintiff's PFS submission.

3. **ADDITIONAL AUTHORIZATIONS**

   a. **Records Custodians Not Listed in PFS.**  For any custodian of records not listed in the Plaintiff Fact Sheet, Defendant may request that Plaintiff produce an additional, completed Authorization so that Defendant may obtain records from that custodian (which such request may be made by Defendant's medical records collection vendor).  Plaintiff must produce such authorization within twenty-one (21) days of a written request.  If Plaintiff objects to the use of the Authorization to obtain records from the custodian identified in the request, Plaintiff must assert that objection within fourteen (14) days of the request.  Promptly following such objection, or if Plaintiff has not responded with the 21-day period, Plaintiff's counsel and Defendant's counsel shall meet and confer in an attempt to resolve the objection.  If counsel are unable to resolve the objection, or if Plaintiff's counsel does not respond to Defendant's attempt to meet and confer, the parties shall file a joint letter pursuant to Section J of this Court's Standing Order for All Civil Cases; Defendant may seek appropriate relief if Plaintiff fails to cooperate in prompt submission of a joint letter.

   b. **Obligation to Cooperate by Providing Additional Authorizations.**  If Defendant wishes to obtain records from a custodian who will not accept the authorizations in the form that Plaintiff executed pursuant to this Order, Plaintiff will cooperate with Defendant and provide the necessary authorization(s).  If Plaintiff objects to the use of a particular authorization, the procedures established in Section 3.a shall apply.

c. **Collection of Records.** Defendant may collect records from any provider or entity for whom an authorization has been produced, without further notice to Plaintiff.

d. **Copies of Records.** Defendant or Defendant's designee shall make available all records obtained by use of Authorizations to Plaintiff's counsel within 30 days of the receipt of the records. Plaintiff shall be responsible for the cost of obtaining copies of such records. The parties shall meet and confer concerning the mechanism for providing Plaintiff's counsel with access to such copies of records and for the payment for such copies.

e. **Defendant Fact Sheet.** The Parties shall meet and confer regarding a Defendant Fact Sheet ("DFS") and update the Court on the status of their discussions at the next Telephonic Case Management Conference, currently scheduled for July 15, 2019 at 1:30 pm.

**IT IS SO ORDERED**.

Dated: May 24, 2019

UNITED STATES DISTRICT JUDGE