Debra E. Pole (SBN 97816)
dpole@sidley.com
Alycia Degen (SBN 211350)
adegen@sidley.com
Joshua Anderson (SBN 211320)
janderson@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013
Telephone:  213.896.6000

Daniel A. Spira (*admitted pro hac vice*)
dspira@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Telephone:  312.853.7000

Inn-Young Park (SBN 324129)
ipark@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA  94104
Telephone:  415.772.1200

*Attorneys for Defendant Gilead Sciences, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, *et al.*, | Case No. 3:18-cv-06972-JST |
| *Plaintiffs,* | **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CONSOLIDATED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| GILEAD SCIENCES, INC., | |
| *Defendant.* | |
| | Assigned to:        Hon. Jon S. Tigar |
| | Hearing Date:    August 22, 2019 |
| | Hearing Time:    2:00 p.m. |
| | Location:           Courtroom 9 |

## NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CONSOLIDATED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

PLEASE TAKE NOTICE that on August 22, 2019, at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 9 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Gilead Sciences, Inc. ("Gilead") will and hereby does move to dismiss Plaintiffs' First Amended Consolidated Complaint for Damages.

This Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the Court lacks subject matter jurisdiction over this case.

First, Plaintiffs have failed to establish subject matter jurisdiction under the Class Action Fairness Act of 2005. Federal courts have subject matter jurisdiction over "mass action[s]" only where, among other things, the "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). Here, Plaintiffs have not proposed—and could not plausibly propose—a joint trial in this case. ECF No. 84 ¶ 19. Thus, Plaintiffs do not satisfy the statutory requirements for "mass action" jurisdiction. *See Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 164 (2014).

Second, Plaintiffs also have failed to establish diversity jurisdiction. Under 28 U.S.C. § 1332(a)(1), federal courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The parties are not completely diverse in this case:  sixteen of the Plaintiffs are California residents, and Gilead is also a citizen of California. *Compare* ECF No. 84 ¶¶ 39, 50, 52, 63, 67–68, 82–84, 116, 121, 144, 155–56, 160, 306, *with id.* ¶ 317. Thus, Plaintiffs also fail to satisfy the statutory requirements for diversity jurisdiction. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the pleadings and filings in this action; and such further evidence or argument properly before the Court.

1

Dated:  July 10, 2019                                SIDLEY AUSTIN LLP

2

By:      */s/ Joshua Anderson*_____

3

Debra E. Pole (SBN 97816)
dpole@sidley.com

4

Alycia Degen (SBN 211350)
adegen@sidley.com

5

Joshua Anderson (SBN 211320)
janderson@sidley.com

6

SIDLEY AUSTIN LLP
555 West Fifth Street

7

Los Angeles, CA  90013
Telephone:  (213) 896-6000

8

Daniel A. Spira (*admitted pro hac vice*)

9

dspira@sidley.com
SIDLEY AUSTIN LLP

10

One South Dearborn
Chicago, IL  60603

11

Telephone:  312.853.7000

12

Inn-Young Park (SBN 324129)
ipark@sidley.com

13

SIDLEY AUSTIN LLP
555 California Street, Suite 2000

14

San Francisco, CA  94104
Telephone:  415.772.1200

15

*Attorneys for Defendant Gilead Sciences, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

LEGAL STANDARD............................................................................................................ 3

ARGUMENT ....................................................................................................................... 3

I.      PLAINTIFFS HAVE FAILED TO ESTABLISH MASS ACTION JURISDICTION ........... 3

II.     PLAINTIFFS HAVE FAILED TO ESTABLISH DIVERSITY JURISDICTION ................. 5

CONCLUSION ..................................................................................................................... 6

-i-

NOTICE OF MOT. & MOT. TO DISMISS FIRST AM. CONSOLIDATED COMPL. FOR LACK OF SUBJECT MATTER
JURISDICTION UNDER FED. R. CIV. P. 12(b)(1); MEM. OF P. & A., NO. 3:18-cv-06972-JST

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Abrego Abrego v. The Dow Chem. Co.*,
5
 443 F.3d 676 (9th Cir. 2006) (per curiam)....................................................................4

6

*Briggs v. Merck Sharp & Dohme*,
 796 F.3d 1038 (9th Cir. 2015) ......................................................................................4

7

8

*Corber v. Xanodyne Pharm., Inc.*,
 771 F.3d 1218 (9th Cir. 2014) (en banc) ...................................................................3, 5

9

*Dunson v. Cordis Corp.*,
10
 854 F.3d 551 (9th Cir. 2017) .........................................................................................4

11

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
 545 U.S. 546 (2005).......................................................................................................6

12

*Gonzalez v. Thaler*,
13
 565 U.S. 134 (2012).......................................................................................................3

14

*Miss. ex rel. Hood v. AU Optronics Corp.*,
15
 571 U.S. 161 (2014)...................................................................................................1, 4

16

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
 511 U.S. 375 (1994).......................................................................................................3

17

18

*Lee v. Am. Nat. Ins. Co.*,
 260 F.3d 997 (9th Cir. 2001) .........................................................................................6

19

*Lewallen v. Medtronic USA, Inc.*,
20
 No. C 01-20395 RMW, 2002 WL 31300899 (N.D. Cal. Aug. 28, 2002)......................5

21

*Matheson v. Progressive Specialty Ins. Co.*,
 319 F.3d 1089 (9th Cir. 2003) (per curiam)...................................................................3

22

23

*Porter v. Dep't of Treasury*,
 564 F.3d 176 (3d Cir. 2009)...........................................................................................5

24

*Tanoh v. Dow Chem. Co.*,
25
 561 F.3d 945 (9th Cir. 2009) .........................................................................................4

26

*United States v. Ceja-Prado*,
 333 F.3d 1046 (9th Cir. 2003) .......................................................................................3

27

*Visendi v. Bank of Am., N.A.*,
28
 733 F.3d 863 (9th Cir. 2013) .........................................................................................5

-ii-

*Wis. Dep't of Corr. v. Schacht,*
    524 U.S. 381 (1998)...........................................................................................1, 3, 6

*Zinser v. Accufix Research Inst., Inc.,*
    253 F.3d 1180 (9th Cir. 2001) ...................................................................................5

**Statutes**

28 U.S.C. § 1331 .....................................................................................................................1

28 U.S.C. § 1332(a)(1).............................................................................................................1

28 U.S.C. § 1332(c)(1).............................................................................................................6

28 U.S.C. § 1332(d)(11)(B)(i) ..............................................................................................1, 3

28 U.S.C. § 1914(a) .................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)............................................................................................................3

Fed. R. Civ. P. 12(h)(3)............................................................................................................3

Fed. R. Civ. P. 42(a) ................................................................................................................2

-iii-

NOTICE OF MOT. & MOT. TO DISMISS FIRST AM. CONSOLIDATED COMPL. FOR LACK OF SUBJECT MATTER
JURISDICTION UNDER FED. R. CIV. P. 12(b)(1); MEM. OF P. & A., NO. 3:18-CV-06972-JST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Gilead Sciences, Inc. ("Gilead") develops and markets life-saving medications, including Viread®, Truvada®, Atripla®, Complera®, and Stribild®—HIV medications containing the prodrug tenofovir disoproxil fumarate ("TDF"). In this product liability lawsuit, 292 plaintiffs from 32 states allege kidney and/or bone injuries as a result of using one or more of the TDF medications. There are no federal claims at issue in this case. *Compare* 28 U.S.C. § 1331, *with* ECF No. 84 at 213 n.69 (alleging that Plaintiffs "assert claims under the laws of the states in which they reside and ingested the relevant TDF Drugs"); *see also id.* ¶¶ 592–850. Instead, Plaintiffs allege jurisdiction under: (1) "28 U.S.C. § 1332(d) because this is a mass action"; and (2) "28 U.S.C. § 1332(a) for those Plaintiffs who are citizens of states other than California." ECF No. 84 ¶¶ 19–20. Plaintiffs have failed to establish subject matter jurisdiction, and this case should therefore be dismissed.

*First*, Plaintiffs have failed to establish subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Section 1332(d) provides federal courts with jurisdiction over "mass action[s]" where, among other things, the "monetary relief claims of 100 or more persons are *proposed to be tried jointly* on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added). But Plaintiffs have not proposed a joint trial in this case, *see* ECF No. 84 ¶ 19, nor could they plausibly further amend their First Amended Consolidated Complaint for Damages ("FAC") to propose a joint trial of the multiple claims of 292 plaintiffs under the varying laws of 32 different states. Thus, Plaintiffs have not satisfied the jurisdictional requirements for a "mass action." *See Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 164 (2014).

*Second*, Plaintiffs have failed to establish diversity jurisdiction. Section 1332(a)(1) provides federal courts with subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is *between . . . citizens of different States*." 28 U.S.C. § 1332(a)(1) (emphasis added). But this case fails to satisfy the requirement of "complete" diversity, *i.e.*, no plaintiff and no defendant can be citizens of the same state. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Sixteen of the named plaintiffs

-1-

NOTICE OF MOT. & MOT. TO DISMISS FIRST AM. CONSOLIDATED COMPL. FOR LACK OF SUBJECT MATTER
JURISDICTION UNDER FED. R. CIV. P. 12(b)(1); MEM. OF P. & A., NO. 3:18-CV-06972-JST

in this case are California residents, and Gilead is also a citizen of California. *Compare* ECF No. 84 ¶¶ 39, 50, 52, 63, 67–68, 82–84, 116, 121, 144, 155–56, 160, 306, *with id.* ¶ 317. Thus, Plaintiffs do not satisfy the statutory requirements for diversity jurisdiction.

Accordingly, this Court should dismiss Plaintiffs' FAC for lack of subject matter jurisdiction. Gilead notes that it does not file this Motion for the purpose of delay or because it believes that none of the Plaintiffs' claims can be properly asserted in federal court. (Gilead believes that the claims of most of the Plaintiffs—the 276 non-California resident Plaintiffs—could be brought in federal court based on diversity jurisdiction.) Rather, Gilead's purpose in filing this Motion is to ensure that any judgment entered in this action is not subject to attack—on appeal or collaterally—based on a lack of subject matter jurisdiction.

## BACKGROUND

This case encompasses three related actions involving allegations that Plaintiffs experienced kidney and/or bone injuries as a result of using one or more TDF medications. On November 16, 2018, 140 plaintiffs filed suit against Gilead in *Holley et al. v. Gilead Sciences Inc.*, No. 3:18-cv-06972-JST ("*Holley*"). On January 28, 2019, 25 plaintiffs filed suit against Gilead in *Dowdy et al. v. Gilead Sciences, Inc.*, No. 3:19-cv-00481-JST ("*Dowdy*"). And on May 10, 2019, 127 plaintiffs filed suit against Gilead in *Lyons et al. v. Gilead Sciences, Inc.*, No. 3:19-cv-02538-JST ("*Lyons*"). This Court consolidated the *Holley*, *Dowdy*, and *Lyons* cases for "all pretrial purposes into one action" under Federal Rule of Civil Procedure 42(a). *See* ECF Nos. 67, 80.

On May 10, 2019, this Court issued an order granting in part and denying in part Gilead's motion to dismiss. ECF No. 75. On May 31, 2019, Plaintiffs filed their FAC. ECF No. 84. The FAC includes the claims of 292 plaintiffs from 32 different states. *Id.* ¶¶ 25–316. There are no federal claims at issue; instead, Plaintiffs assert claims "under the laws of the states in which they reside and ingested the relevant TDF Drugs." *Id.* at 213 n.69; *see also id.* ¶¶ 592–850. Sixteen of the plaintiffs are California residents. *Id.* ¶¶ 39, 50, 52, 63, 67–68, 82–84, 116, 121, 144, 155–56, 160, 306. Gilead is a citizen of both Delaware and California. *Id.* ¶ 317. Plaintiffs allege that jurisdiction exists under: (1) "28 U.S.C. § 1332(d) because this is a mass action"; and (2) "28 U.S.C. § 1332(a) for those Plaintiffs who are citizens of states other than California." *Id.* ¶¶ 19–20.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may assert by motion the defense of "lack of subject-matter jurisdiction." The Supreme Court has long held that federal courts possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking subject matter jurisdiction bears the burden of establishing a basis for exercising that limited power. *See id.* ("It is to be presumed that a cause lies outside [of a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction."). As the Ninth Circuit has said, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted).

Challenges to subject matter jurisdiction cannot be waived or forfeited. *Wis. Dep't of Corr.*, 524 U.S. at 389 (explaining that "[n]o party need assert the defect," "[n]o party can waive the defect or consent to jurisdiction," and "[n]o court can ignore the defect"). Nor can the parties agree or stipulate to subject matter jurisdiction. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("[T]he parties cannot stipulate to jurisdiction where none exists."). Indeed, "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ARGUMENT

## I.   PLAINTIFFS HAVE FAILED TO ESTABLISH MASS ACTION JURISDICTION.

Plaintiffs allege that this Court has mass action jurisdiction under 28 U.S.C. § 1332(d). ECF No. 84 ¶ 19. Under CAFA, federal courts have subject matter jurisdiction over "mass actions" where "all of the statutory requirements" are satisfied. *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1222 (9th Cir. 2014) (en banc). As relevant here, a mass action is defined as "any civil action . . . in which monetary relief claims of 100 or more persons *are proposed to be tried jointly* on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added). As the Supreme Court has made clear, CAFA's "plain text" provides that a mass

-3-

1   action "must involve monetary claims brought by 100 or more persons *who propose to try those*

2   *claims jointly as named plaintiffs*." *Miss. ex rel. Hood*, 571 U.S. at 164 (emphasis added).

3       Plaintiffs have failed to establish mass action jurisdiction in this case. According to the FAC,

4   this Court has subject matter jurisdiction under Section 1332(d) because:  (1) this action "involv[es]

5   claims for monetary relief of 100 or more persons that involve common questions of law or fact";

6   (2) "some Plaintiffs are citizens of a state different from Gilead"; (3) "Plaintiffs' claims exceed $5

7   million in the aggregate"; and (4) each Plaintiff's claims "exceed the sum or value of $75,000." ECF

8   No. 84 ¶ 19. There is no dispute that, based on Plaintiffs' allegations, Plaintiffs are sufficiently

9   numerous, that the parties are minimally diverse, or that the individual and aggregate amount in

10  controversy requirements are satisfied. *See* ECF No. 75 at 4; *see also Abrego Abrego v. The Dow*

11  *Chem. Co.*, 443 F.3d 676, 680–81, 689 (9th Cir. 2006) (per curiam) (discussing minimum diversity

12  and amount in controversy requirements for mass actions). Nevertheless, this Court lacks mass

13  action jurisdiction because Plaintiffs have not proposed a joint trial of the claims of 100 or more

14  persons. *See* ECF No. 84 ¶ 19; *see also Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1050 (9th

15  Cir. 2015) (rejecting mass action jurisdiction where "none of the plaintiffs 'proposed' a joint

16  proceeding within the meaning of [Section] 1332(d)(11)(B)(i)"); *Tanoh v. Dow Chem. Co.*, 561 F.3d

17  945, 953 (9th Cir. 2009) (rejecting mass action jurisdiction where "neither the parties nor the trial

18  court . . . proposed consolidating the actions for trial").

19      As the Ninth Circuit has recently explained, plaintiffs must "take the affirmative step of

20  proposing to try their claims jointly." *Dunson v. Cordis Corp.*, 854 F.3d 551, 554 (9th Cir. 2017).

21  For example, plaintiffs may satisfy this requirement by "requesting assignment to a single judge 'for

22  purposes of discovery and trial,'" *id.* (quoting *Atwell v. Boston Sci. Corp.*, 740 F.3d 1160, 1163 (8th

23  Cir. 2013)), or "requesting consolidation 'through trial' and 'not solely for pretrial proceedings,'" *id.*

24  (quoting *In re Abbott Labs., Inc.*, 698 F.3d 568, 573 (7th Cir. 2012)). But Plaintiffs' FAC does not

25  contain a proposal for a joint trial, and Plaintiffs have not otherwise made such a proposal in this

26  case. Moreover, while this Court has consolidated the *Holley*, *Dowdy*, and *Lyons* actions, that

27  consolidation is expressly only for "pretrial purposes." ECF Nos. 67, 80.

28      Nor could Plaintiffs plausibly amend their FAC to propose a joint trial of all of Plaintiffs'

-4-

claims. At the April 23, 2019 Case Management Conference in this case, Plaintiffs' counsel conceded that "we're not going to be trying, you know, 165 cases at one time." ECF No. 76 at 24:3–4.[1] Likewise, at that same conference, this Court acknowledged that "[w]e're not going to try 140 plaintiffs at one time anyway." *Id.* at 17:20–21.[2] Even absent Plaintiffs' concession and this Court's acknowledgement, any allegation proposing to jointly try all of the claims of all of the 292 plaintiffs—which arise under the varying laws of 32 different states—would be implausible. *See, e.g.*, *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189–90 (9th Cir. 2001) (recognizing the "inescapable" fact that product liability claims present "many triable individualized issues," and that "[t]he complexity of the trial would be further exacerbated to the extent that the laws of forty-eight states must be consulted to answer such questions"); *Lewallen v. Medtronic USA, Inc.*, No. C 01-20395 RMW, 2002 WL 31300899, at *1, 5 (N.D. Cal. Aug. 28, 2002) (explaining that "differences in state law are likely to be substantial" where plaintiffs alleged strict product liability, negligence, fraud, and breach of warranty claims).

Because Plaintiffs fail to satisfy the statutory requirements for mass action jurisdiction, this case should be dismissed. *See Corber*, 771 F.3d at 1224 n.5.[3]

## II.   PLAINTIFFS HAVE FAILED TO ESTABLISH DIVERSITY JURISDICTION.

Plaintiffs also allege that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 84 ¶ 20. Section 1332(a)(1) provides federal courts with subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." It is well settled that "[a] case falls

---

[1] There were 165 Plaintiffs in the *Holley* and *Dowdy* actions.

[2] There were 140 Plaintiffs in the *Holley* action.

[3] Gilead also maintains that the claims of these 292 unrelated plaintiffs are improperly joined, and Gilead intends to move to sever such claims at an appropriate time. *See* ECF No. 49 at 1; *see also Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870–71 (9th Cir. 2013). By improperly joining their claims, Plaintiffs have, in addition to running afoul of the Federal Rules of Civil Procedure, deprived the federal judiciary of an important source of funding. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350."); *see also Porter v. Dep't of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009) (noting that filing fees help defray the court resources consumed by opening and administering a case).

within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr.*, 524 U.S. at 388; *see also Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004–05 (9th Cir. 2001) ("[C]ompliance with the diversity statute, including its complete diversity requirement, is the *sine qua non* of diversity jurisdiction.").

Plaintiffs have failed to establish diversity jurisdiction in this case. According to the FAC, this Court has subject matter jurisdiction under Section 1332(a) because the "[n]on-California Plaintiffs and Gilead are citizens of different states" and "the matter in controversy exceeds the sum or value of $75,000." ECF No. 84 ¶ 20. But there is no such thing as "partial" diversity jurisdiction. *See id.* (alleging that diversity jurisdiction exists "for those Plaintiffs who are citizens of states other than California"). Unless each plaintiff is completely diverse from each defendant, the district court lacks diversity jurisdiction over the "entire action." *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). That is precisely the case here. Sixteen Plaintiffs are California residents. ECF No. 84. ¶¶ 39, 50, 52, 63, 67–68, 82–84, 116, 121, 144, 155–56, 160, 306. Gilead is also a citizen of California. *Id.* ¶ 317; *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). As a result, there is no complete diversity.

Because Plaintiffs fail to satisfy the statutory requirements for diversity jurisdiction, this case should be dismissed. *See Wisc. Dep't of Corr.*, 524 U.S. at 389 ("The presence of [a] nondiverse party automatically destroys original jurisdiction.").

## CONCLUSION

For the foregoing reasons, Gilead's Motion to Dismiss should be granted in its entirety.

///

///

///

Dated:  July 10, 2019

SIDLEY AUSTIN LLP

By:     */s/ Joshua Anderson*
        Debra E. Pole (SBN 97816)
        dpole@sidley.com
        Alycia Degen (SBN 211350)
        adegen@sidley.com
        Joshua Anderson (SBN 211320)
        janderson@sidley.com
        SIDLEY AUSTIN LLP
        555 West Fifth Street
        Los Angeles, CA  90013
        Telephone:  (213) 896-6000

        Daniel A. Spira (*admitted pro hac vice*)
        dspira@sidley.com
        SIDLEY AUSTIN LLP
        One South Dearborn
        Chicago, IL  60603
        Telephone:  312.853.7000

        Inn-Young Park (SBN 324129)
        ipark@sidley.com
        SIDLEY AUSTIN LLP
        555 California Street, Suite 2000
        San Francisco, CA  94104
        Telephone:  415.772.1200

        *Attorneys for Defendant Gilead Sciences, Inc.*

NOTICE OF MOT. & MOT. TO DISMISS FIRST AM. CONSOLIDATED COMPL. FOR LACK OF SUBJECT MATTER
JURISDICTION UNDER FED. R. CIV. P. 12(b)(1); MEM. OF P. & A., NO. 3:18-CV-06972-JST

**CERTIFICATE OF SERVICE**

        I hereby certify that on this 10th day of July, 2019, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

                                                                */s/ Joshua Anderson*
                                                                Joshua Anderson