1 Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
2 Anne F. Johnson (admitted *pro hac vice*)
annej@hbsslaw.com
3 HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
4 Seattle, WA 98101
Tel: (206) 623-7292
5 Fax: (206) 623-0594

*Attorneys for the Holley and Rivers Plaintiffs*

Debra E. Pole (Bar No. 97816)
dpole@sidley.com
Joshua Anderson (Bar No. 211320)
janderson@sidley.com
Alycia A. Degen (Bar No. 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Tel: (213) 896-6000
Fax: (213) 896-6600

*Attorneys for Defendant Gilead Sciences, Inc.*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, et al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> GILEAD SCIENCES, INC., <br><br> *Defendant*. | Case No. 4:18-cv-06972-JST <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS** |
| ADRIAN L. RIVERS, et al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> GILEAD SCIENCES, INC., <br><br> *Defendant*. | Case No. 4:19-cv-07991-JST <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS** |

# JOINT STIPULATION

Pursuant to Northern District of California Civil Local Rule 7-12, Plaintiffs in the above-captioned actions and Defendant Gilead Sciences, Inc. ("Gilead") (collectively, the "Parties"), by and through their respective undersigned counsel of record, submit the following Stipulation and Proposed Order:

WHEREAS, on February 27, 2019, Gilead filed its motion to dismiss in the actions entitled *Holley et al. v. Gilead Sciences, Inc.*, No. 4:18-cv-06972-JST ("*Holley*"), and *Dowdy et al. v. Gilead Sciences, Inc.*, No. 4:19-cv-00481-JST ("*Dowdy*") (ECF No. 45);

WHEREAS, on May 10, 2019, the Court granted in part and denied in part Gilead's motion to dismiss in *Holley* and *Dowdy* (ECF No. 75) ("May 10 Order");

WHEREAS, the Court's May 10 Order stated that: "Plaintiffs' opposition makes clear that they are not pursuing claims that Gilead should have pursued a different drug composition after approval." (*see* ECF No. 75 at 13 n.6);

WHEREAS, on May 10, 2019, 127 additional plaintiffs filed suit against Gilead in the action entitled *Lyons et al. v. Gilead Sciences, Inc.*, No. 4:19-cv-02538-JST ("*Lyons*");

WHEREAS, on May 31, 2019, Plaintiffs filed a First Amended Consolidated Complaint for Damages (ECF No. 84) ("FAC"), including the claims of all plaintiffs from the *Holley*, *Dowdy*, and *Lyons* actions, under *Holley* as the lead case;

WHEREAS, on July 10, 2019, Gilead filed a motion to dismiss Plaintiffs' FAC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 91), and a motion to dismiss Plaintiffs' FAC under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6) (ECF No. 92);

WHEREAS, on October 16, 2019, the Court granted in part and denied in part Gilead's motions to dismiss Plaintiffs' FAC (ECF No. 123) ("October 16 Order");

WHEREAS, the Court's October 16 Order: (1) severed and dismissed the claims of 16 California plaintiffs in order to perfect diversity jurisdiction; (2) dismissed "without leave to amend, but without prejudice to any future motion to amend on a showing of good cause," plaintiffs' fraud

1

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS –
CASE NO. 4:18-CV-06972-JST (AND CONSOLIDATED AND/OR RELATED ACTIONS)

and consumer protection claims "to the extent they rely on allegations of affirmative misrepresentations rather than omissions"; and (3) dismissed without leave to amend, but without prejudice to any future motion to amend on a showing of good cause, "[p]laintiffs' post-approval, post-July 2012 failure-to-warn claims." (ECF No. 123 at 12);

WHEREAS, on December 5, 2019, 30 additional plaintiffs filed suit against Gilead in the action entitled *Rivers et al. v. Gilead Sciences, Inc.*, No. 4:19-cv-07991-JST ("*Rivers*");

WHEREAS, on December 16, 2019, the Court found that the *Rivers* action is related to the *Holley* action (ECF No. 144);

WHEREAS, on January 10, 2020, the Court consolidated the *Rivers* action with the *Holley* action for pretrial purposes (ECF No. 157);

WHEREAS, the Parties agree that, for purposes of appeal, or for any other purposes, the briefs and supporting papers, together with the oral argument, regarding Gilead's above-described motions to dismiss and the Court's orders on those motions shall be treated as having been filed and entered in the *Rivers* action;

WHEREAS, the *Rivers* plaintiffs agree they are not asserting claims that Gilead should have changed the design of its FDA-approved TDF medications after the FDA approved the TDF medications;

WHEREAS, by stipulating to the foregoing, the *Rivers* plaintiffs do not intend to limit, in any way, their claims that Gilead should have changed the design of its TDF medications before FDA approval;

WHEREAS, the *Rivers* plaintiffs agree, without prejudice to any future motion to amend on a showing of good cause, to the dismissal of their (1) fraud and consumer protection claims to the extent they rely on allegations of affirmative misrepresentations and (2) post-approval, post-July 2012 failure-to-warn claims (*see* ECF No. 123 at 12); and

WHEREAS, by stipulating to the foregoing, the Parties do not intend to waive any right to discovery or to appeal from the decisions of the Court discussed herein;

THEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, through their

respective undersigned counsel of record, and pursuant to Civil Local Rule 7-12, that:

1. The briefs and supporting papers, together with the oral argument, regarding Gilead's motions to dismiss in the *Holley* and *Dowdy* actions and the Court's orders on those motions shall be treated as having been filed and entered in the *Rivers* action.

2. Plaintiffs in the *Rivers* action are not asserting claims that Gilead should have changed the design of its FDA-approved TDF medications after the FDA approved the TDF medications.

3. Any fraud and consumer protection claims that rely on allegations of affirmative misrepresentations, rather than omissions, are dismissed from the *Rivers* action without leave to amend, but without prejudice to any future motion to amend on a showing of good cause.

4. Any post-approval, post-July 2012 failure-to-warn claims are dismissed from the *Rivers* action without leave to amend, but without prejudice to any future motion to amend on a showing of good cause.

5. Nothing herein is intended to or constitutes a waiver of any Party's discovery or appellate rights.

Dated this 14th day of January, 2020

Stipulated and agreed to by:

| | | | |
|---|---|---|---|
| 1 | Dated: January 14, 2020 | By: | */s/ Steve W. Berman* |

Dated: January 14, 2020       By:    */s/ Steve W. Berman*
Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
Anne F. Johnson (admitted *pro hac vice*)
annej@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Tel:  (206) 623-7292
Fax:  (206) 623-0594

Shana E. Scarlett (SBN 217895)
shanas@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Tel:  (510) 725-3000
Fax:  (510) 725-3001

Robert C. Hilliard (admitted *pro hac vice*)
bobh@hmglawfirm.com
Katrina Ashley (admitted *pro hac vice*)
kashley@hmglawfirm.com
HILLIARD MARTINEZ GONZALES LLP
719 S. Shoreline Blvd.
Corpus Christi, TX  78401
Tel:  (361) 882-1612
Fax:  (361) 882-3015

*Attorneys for the Holley and Mosely Plaintiffs*

Dated: January 14, 2020       SIDLEY AUSTIN LLP

By:    */s/ Joshua Anderson*
Debra E. Pole (Bar No. 97816)
dpole@sidley.com
Joshua Anderson (Bar No. 211320)
janderson@sidley.com
Alycia A. Degen (Bar No. 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA  90013
Tel:  (213) 896-6000
Fax:  (213) 896-6600

Daniel A. Spira (admitted *pro hac vice)*
dspira@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Tel:  (312) 853-7000

4

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS –
CASE NO. 4:18-CV-06972-JST (AND CONSOLIDATED AND/OR RELATED ACTIONS)

| | |
|---|---|
| 1 | Inn-Young Park (Bar No. 324129) |
| 2 | ipark@sidley.com |
| | SIDLEY AUSTIN LLP |
| 3 | 555 California St., Suite 2000 |
| | San Francisco, CA 94104 |
| 4 | Tel: (415) 772-1200 |
| 5 | *Attorneys for Defendant Gilead Sciences, Inc.* |

5

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS –
CASE NO. 4:18-CV-06972-JST (AND CONSOLIDATED AND/OR RELATED ACTIONS)

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order Regarding Dismissal of Claims. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

Dated: January 14, 2020        By: */s/ Joshua Anderson*
                                    Joshua Anderson

# [PROPOSED] ORDER

Pursuant to the foregoing stipulation of the parties and good cause appearing, it is hereby ORDERED as follows:

1. The above stipulation is GRANTED.

2. The briefs and supporting papers, together with the oral argument, regarding Gilead's motions to dismiss in the *Holley* and *Dowdy* actions and the Court's orders on those motions shall be treated as having been filed and entered in the *Rivers* action.

3. Plaintiffs in the *Rivers* action are not asserting claims that Gilead should have changed the design of its FDA-approved TDF medications after the FDA approved the TDF medications.

4. Any fraud and consumer protection claims that rely on allegations of affirmative misrepresentations, rather than omissions, are dismissed from the *Rivers* action without leave to amend, but without prejudice to any future motion to amend on a showing of good cause.

5. Any post-approval, post-July 2012 failure-to-warn claims are dismissed from the *Rivers* action without leave to amend, but without prejudice to any future motion to amend on a showing of good cause.

6. Nothing herein is intended to or constitutes a waiver of any Party's discovery or appellate rights.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: \_\_\_\_\_January 15\_\_\_\_\_, 2020     _____
                                          Honorable Jon S. Tigar

7

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF CLAIMS –
CASE NO. 4:18-CV-06972-JST (AND CONSOLIDATED AND/OR RELATED ACTIONS)