UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, et al., <br>     Plaintiffs, <br> v. <br> GILEAD SCIENCES, INC., <br>     Defendant. | Case No. 18-cv-06972-JST <br><br> **CASE MANAGEMENT ORDER** <br><br> Re: ECF Nos. 153, 154, 155 |
| JAMES JONES, et al., <br>     Plaintiffs, <br> v. <br> GILEAD SCIENCES, INC., <br>     Defendant. | Case No. 19-cv-05383-JST <br><br> Re: ECF Nos. 48, 49, 50 |

The parties recently submitted competing proposed case management schedules, ECF No. 153, along with briefs supporting their respective proposals, ECF Nos. 154, 155.[1] There are two main issues in contention: (1) whether the Court should order the parties to participate in summary jury trials over Gilead's objection, and (2) whether the Court should set a deadline for Gilead's counsel to "certify in writing that they have engaged in best efforts to identify, locate and supply all responsive Electronically Stored Information and document production discovery requested by Plaintiffs to [that] date" or "for substantial completion of Gilead's production of responsive documents and ESI (contingent on scope and timing of requests." ECF No. 153-1 at 2.

---

[1] The parties filed identical documents on the *Holley* and *Jones* dockets. *Compare Holley*, ECF Nos. 153-55, *with Jones*, ECF Nos. 48-50. This order cites only to the docket numbers of the papers filed in *Holley*.

This order resolves those disagreements.

### Summary Jury Trials

Plaintiffs ask the Court to schedule summary jury trials. Gilead opposes this request, arguing that the Court lacks authority to order summary jury trials and that, even if the Court does have the authority, it should not exercise its discretion to order them. As set forth below, the Court disagrees with Gilead on both points.

It is helpful to start by defining the term at issue. The Court's local rules describe summary jury trials as follows:

> A summary . . . jury trial is a flexible, non-binding process designed to promote settlement in complex, trial-ready cases headed for protracted trials. The process provides litigants and their counsel with an advisory verdict after a short hearing in which the evidence may be presented in condensed form, usually by counsel and sometimes through witnesses. This procedure, as ordinarily structured, provides the litigants an opportunity to ask questions and hear the reactions of the . . . jury. The . . . jury's nonbinding verdict and reactions to the legal and factual arguments are used as bases for subsequent settlement negotiations.

ADR L.R. 8-1(b). "The summary jury trial is used to implement the courts' policy of providing litigants with an expeditious and just resolution of their case by allowing parties to test the reaction of a jury to their case without being bound by the jury's decision." 28 Jill Gustafson & Eric C. Surette, *Federal Procedure, Lawyers Edition* § 64:20 (2019) (footnote omitted).

Gilead first contends that the Court has no authority to order summary jury trials over Gilead's objection, stating that "[c]ourts have recognized the impropriety of" conducting non-binding summary jury trials without the parties' consent. ECF No. 155 at 2 (citing *In re NLO, Inc.*, 5 F.3d 154, 158 (6th Cir. 1993) and *Strandell v. Jackson Cty.*, 838 F.2d 884, 888 (7th Cir. 1987)). The two cases on which Gilead relies, however, pre-date the 1993 amendments to Federal Rule of Civil Procedure 16.[2] Those amendments – which Gilead does not address – provide that

---

[2] In addition, Gilead fails to note that, prior to the 1993 amendments, there was a split of authority regarding a district court's authority to order summary jury trials over the parties' objections. *See, e.g.*, *Fed. Reserve Bank of Minneapolis v. Carey-Canada, Inc.*, 123 F.R.D. 603, 604 (D. Minn. 1988) (holding that Rule 16 and the court's inherent power authorized a court to compel participation in a summary jury trial); *Arabian Am. Oil Co. v. Scarfone*, 119 F.R.D. 448, 448-49 (M.D. Fla. 1988) (same).

courts may use "special procedures to assist in resolving the dispute when authorized by statute or local rule." Fed. R. Civ. P. 16(c)(2)(I). As the Advisory Committee noted, this portion of the rule was "revised to describe more accurately the various procedures that, in addition to traditional settlement conferences, may be helpful in settling litigation." Fed. R. Civ. P. 16 advisory committee's note to 1993 Amendment. These procedures include "summary jury trials," and "[t]he rule acknowledges the presence of statutes and local rules or plans that may authorize use of some of these procedures *even when not agreed to by the parties*." *Id.* (emphasis added). Thus, *In re NLO* and *Strandell* were "effectively overruled" by the 1993 amendments to Rule 16, at least as applied to courts which provide for summary jury trials by local rule. *In re S. Ohio Corr. Facility*, 166 F.R.D. 391, 396 (S.D. Ohio 1996).

This Court is one such court. ADR Local Rule 8-1(b) provides for non-binding summary jury trials as a "Court ADR Process[]." And ADR Local Rule 2-3 provides that, "[s]ubject to pertinent jurisdictional and resource constraints, a case may be referred to *a Court ADR process* by order of the assigned Judge following a stipulation by all parties, by motion of a party under Civil L.R. 7, or *on the Judge's initiative*." ADR L.R. 2-3 (emphasis added). Under these rules and Federal Rule of Civil Procedure 16, the Court has the authority to order summary jury trials even when not all parties consent.

Turning to Gilead's second argument, the Court concludes that summary jury trials would benefit the parties and the Court. Summary jury trials are "a settlement device used to assist the Parties in assessing the results of a trial on the merits" and may be "very instructive in helping the parties negotiate settlements." *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 993 n.8 (S.D. Ohio 2001). "The summary jury trial is an innovative settlement mechanism with a high success rate. The procedure conserves judicial resources, promotes efficiency, saves time and money for the parties, and most importantly provides an accurate reading of what will actually happen at trial." *In re S. Ohio Corr. Facility*, 166 F.R.D. at 394 (footnote omitted). A summary jury trial also enables the Court and the parties to identify in advance any aspects of a full trial on the merits that might present manageability concerns. *In re Telectronics*, 137 F. Supp. 2d at 993 n.8; *see also* Manual for Complex Litigation (Fourth) § 22.91 (2004) ("Alternative dispute

3

resolution techniques (e.g., summary jury trials) may assist the parties in valuing cases for settlement purposes and give the court and parties information about the viability of various trial options."). The Court disagrees with Gilead's contention that summary jury trials will impose "an unfair or unreasonable economic burden" on Gilead. ECF No. 155 at 2 (quoting ADR L.R. 1-2(a)). Likewise, although "Gilead is not currently seeking to settle [Plaintiffs'] claims," *id.* at 3, "[t]he decision resulting from the [summary jury trial] inevitably results in both sides re-examining and reevaluating their positions and demands," in part because it "is the only dispute resolution technique which uses the input of a jury of laymen as fact finders," *Carey-Canada*, 123 F.R.D. at 605. In short, the Court concludes that use of summary jury trials will: (1) give the parties good information about the value of these cases; (2) save the parties and the Court time and money by encouraging earlier settlement; and (3) inform the parties and the Court about the best way of conducting binding jury trials when the case reaches that stage. For all of these reasons, the Court will adopt Plaintiffs' proposal to conduct summary jury trials.

<u>Certification of Document and ESI Production</u>

The parties also dispute: (1) whether, as Plaintiffs propose, Gilead's counsel must "certify in writing that they have engaged in best efforts to identify, locate and supply all responsive Electronically Stored Information and document production discovery requested by Plaintiffs" by a date certain or whether, as Gilead proposes, that date is denominated as the "[d]eadline for substantial completion of Gilead's production of responsive documents and ESI (contingent on scope and timing of requests)"; and (2) whether the deadline for this event should be September 30, 2020, or November 30, 2020. ECF No. 153-1 at 2.

As to the first question, the Court declines to adopt the phrase "substantial completion" because the phrase is so vague as to defy enforcement. The Court also will not require Gilead to certify that it used "best efforts" to comply with its discovery obligations. Gilead, as well as Plaintiffs, must use all reasonable efforts to identify, locate, and supply responsive ESI or documents. *See, e.g.*, *De Vera v. United Airlines Inc.*, No. C 12-05644 LB, 2013 WL 12182141, at *1 (N.D. Cal. Sept. 9, 2013) (request for production "requires only a reasonable effort by Plaintiff to produce documents in his possession"); *United States v. Aruda*, No. CIV 05-00751

4

DAE-KSC, 2006 WL 2051336, at *4 (D. Haw. July 19, 2006) ("Respondents shall expend all reasonable efforts to produce the requested documents within 45 days from the filing of this order."); *Dacosta v. Novartis AG*, 242 F. Supp. 2d 765, 775 (D. Or. 2002) (imposing obligation to make "reasonable effort to locate" responsive documents).

Gilead does not address the question of the deadline, and the Court adopts September 30, 2020.

Thus, the Court will adopt September 30, 2020 as the "deadline for completion of Gilead's production of responsive documents and ESI." It is unnecessary to include language regarding a party's obligation to use reasonable efforts because the law already imposes that requirement.

The parties shall file a proposed scheduling order that conforms with this order no later than January 24, 2020.

**IT IS SO ORDERED.**

Dated: January 17, 2020

JON S. TIGAR
United States District Judge