Debra E. Pole (SBN 97816)
dpole@sidley.com
Joshua Anderson (SBN 211320)
janderson@sidley.com
Alycia A. Degen (SBN 211350)
adegen@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013
Tel:  (213) 896-6000
Fax:  (213) 896-6600

*Attorneys for Defendant Gilead Sciences, Inc.*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIAN HOLLEY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GILEAD SCIENCES, INC., <br><br> *Defendant*. | Case No.: 4:18-cv-06972-JST <br><br> **DEFENDANT GILEAD SCIENCES, INC.'S BRIEF IN SUPPORT OF SCHEDULING PROPOSAL REGARDING LIMITATIONS ON CUSTODIANS** <br><br> Assigned to:   Hon. Jon S. Tigar |

**INTRODUCTION**

The parties have reached agreement on proposed modifications to the schedule necessitated by the ongoing COVID-19 pandemic, with one exception. *See* Attachment. Gilead has proposed reasonable limitations on the number of custodians whose files must be searched and documents produced and a schedule for identifying custodians. Plaintiffs object to any reasonable limitation on, or schedule for identifying, custodians, which courts across this country have granted in similar product liability matters. Both are necessary to complete Gilead's document production by Plaintiffs' desired deadline of December 2020. They also are appropriate given the issues before this Court, the other documents Gilead already has produced or agreed to produce, the need to coordinate with related actions in other courts, and the burdens associated with custodial productions. Given the significant resources required to respond to discovery in this matter, and the ongoing delays resulting from COVID-19, Gilead respectfully requests that this Court enter a scheduling order that permits the parties on both sides to seek a reasonable amount of discovery in the time allowed.

Gilead's proposal would establish a presumptive cap of 35 custodians, allowing Plaintiffs the ability to request another 10, subject to Gilead showing a lack of good cause for specific custodians. Beyond 45 custodians, Plaintiffs would need good cause. Gilead also proposes interim milestones between now and the end of August for the parties to meet and confer on custodians or seek guidance from Magistrate Judge Corley, including in light of the need for substantial alignment of custodians in these cases and the related Judicial Council Coordinated Proceeding No. 5043 pending in the San Francisco Superior Court ("JCCP"), promoting efficient discovery in both litigations.

Gilead's reasonable proposal—which Plaintiffs rejected without proposing an alternative or even engaging in negotiation—accommodates both parties' legitimate interests, furthers this Court's interest in efficiently progressing this case, and facilitates coordinating discovery with the JCCP. Plaintiffs' unbounded approach would derail these goals. Gilead thus requests that the Court adopt Gilead's proposal and set a scheduling hearing or, if the Court is inclined to refer the discovery-related matters, direct the parties to present custodians issues to Magistrate Judge Corley.

**FACTUAL BACKGROUND**

**A.    Status of Gilead's Document Production.**

Gilead already has produced more than 2.2 million pages of documents in response to written discovery. These documents include, among others, extensive FDA regulatory files regarding the eight in-scope TDF and TAF drugs, promotional materials and brand plans related to those drugs, development documents from a central database related to those drugs, and other materials. Gilead's rolling productions continue. Over the coming weeks, Gilead will be producing additional development documents and Board of Directors materials, and beginning its production of documents from agreed-upon custodians. *See* ECF 240 at 5-7.[1]

Unlike in other litigations where defendants begin custodial productions with lower-level employees, Gilead has cooperatively agreed to 13 initial custodians for production that include the most senior-level decision-makers relating to the at-issue TDF and TAF drugs. For example, the initial custodians include:  (1) Norbert Bischofberger, Gilead's head of research and development from 1999 to 2018; (2) William Lee, a leader in Gilead's HIV drug development since 1991 and Gilead's head of research from 2001 to the present; (3) Andrew Cheng, the leader of Gilead's HIV medication development from 1999 to 2018; and (4) Jim Meyers, a leader in Gilead's sales and marketing organization from 1996 to 2004, and a leader of Gilead's U.S. commercial organization from 2004 to 2018. Gilead's initial custodians also include six key scientists involved in the research and development of the in-scope TDF and TAF drugs (Tomas Cihlar, Eugene Eisenberg, Gongxin He, Reza Oliyai, Brian Kearney, and William Guyer); leaders in Gilead's regulatory affairs group (Paul Tomkins and Sonja Tong); and, given Plaintiffs' focus on investor call statements, a leader in Gilead's investor relations group (Susan Hubbard).

**B.   Gilead's Proposed Limitations on Custodial Productions.**

The number of custodians directly correlates to the discovery schedule. To accommodate the needs of all parties, account for burden and proportionality, and align the scope of Gilead's document production with Plaintiffs' desire for Gilead to complete its document production by

---

[1] COVID-19 has affected the pace of Gilead's production. Among other things, vendors were forced to close facilities hosting document reviewers due to "safer at home" orders. Gilead has been working with vendors to put in place necessary structures and data security measures to restart the review under these evolving circumstances, but an ability to rapidly "scale up" to meet an unknown scope of discovery can no longer be assumed. Decl. of Julian Ackert ("Ackert Decl.") ¶¶ 9, 22.

December 2020, Gilead proposed the following framework for its production of custodial files:

- A presumptive cap of 35 custodians.
- Plaintiffs could request another 10 custodians, subject only to Gilead's ability to demonstrate a lack of good cause as to particular custodians.
- For any custodians above 45, Plaintiffs would have to show good cause.
- Gilead would complete its production of the Apollo documents ordered produced by Magistrate Judge Corley by June 30, 2020.
- The parties meet and confer in good faith to timely identify custodians on a rolling basis, and to ensure substantial alignment of custodians between these cases and the JCCP.

Attachment at 2; Decl. of Joshua E. Anderson ("Anderson Decl."), Ex. 1. Instead of cooperative and reasonable limitations that align with Rule 26(b)(1), Plaintiffs demand a deadline for Gilead to complete its document production, yet refuse to limit custodial selections. *Id*., Exs. 2-3. Fairness dictates the need for level-headed and pragmatic limitations to meet Plaintiffs' proposed deadline.

## ARGUMENT

### I. Gilead's Proposal Accommodates The Needs Of Gilead, Plaintiffs, And The Courts.

Gilead has produced or agreed to produce the development and regulatory documents at the heart of these cases and custodial documents from 13 high-level employees responsible for the research and development of, and decision-making related to, the TDF and TAF drugs. After deduplication and applying search terms, the first six custodians alone have generated roughly 800,000 documents for review—nearly 8 million pages. Ackert Decl. ¶¶ 11-14. Under Gilead's proposal, Plaintiffs could seek another 22-32 custodians (beyond the initial 13 custodians) without a showing of good cause (and more upon a showing of good cause). Some limitation is necessary if Gilead is to complete its productions by December 2020, as Plaintiffs desire. Gilead's proposal provides reasonable limitations; Plaintiffs propose no alternative approach.

There is a direct relationship between the volume of discovery and the amount of time and resources needed to complete it. *Id.* ¶¶ 8-10, 22-23. Gilead must meet the legitimate discovery needs of plaintiffs in both these cases and in the related JCCP, and do so on a schedule that allows both litigations to efficiently advance rather than get bogged down in a discovery morass. To do so, there must be some calibration between the schedule the parties and courts set and the scope of discovery. There is only so much water that can pass through a funnel in a given amount of time. While Gilead

1  has some ability to adjust the size of the funnel, it is not unlimited (particularly in the current
2  circumstances resulting from COVID-19), and Gilead must be able to plan in advance for the
3  resources needed to accommodate the discovery needs of these related litigations. *Id.*

4  Regardless of the culling technology used (*e.g.*, keyword searches or technology assisted
5  review), attorneys must review documents for relevance and privilege. Even with implementing a
6  variety of tools and processes to streamline the review and mitigate burden, Gilead conservatively
7  estimates that it will take more than 70,000-90,000 human-hours to review the documents from 35-
8  45 custodians for responsiveness and privilege. *Id.* ¶¶ 11-21. Besides the resources needed to collect,
9  process, review, and produce documents generally, this litigation involves complicated scientific
10 terminology, which requires even more reviewer time, and support from higher-cost reviewers with
11 specialized knowledge. *Id*. ¶ 18. Without a framework for the number of custodians, a roll-out
12 schedule of identification milestones, and substantial coordination among these consolidated cases
13 and the JCCP, there is little chance to meet the December 2020 deadline Plaintiffs seek, even
14 ignoring COVID-19-related impacts. Under Plaintiffs' approach, they could identify 50 new
15 custodians mere weeks or days before the December 2020 deadline. Moreover, under Plaintiffs'
16 unbounded approach, delays caused by open-ended custodial productions would have a cascading
17 effect on the remaining pre-trial schedule, requiring further extensions of the trial date.

18 By contrast, Gilead's proposal reflects a sensible and customary approach that accommodates
19 both parties' legitimate needs and furthers the Court's interest in moving these cases to resolution.
20 With Gilead's proposed limitations on custodians, Gilead can complete its document production by
21 Plaintiffs' desired December 2020 deadline, and maintain the parties' agreed upon modified August
22 3, 2022 trial date. Gilead's proposal also serves the interest of coordinating discovery between these
23 cases and the JCCP to accommodate the scheduling needs of both litigations. As Martin Quinn, the
24 Discovery Referee in the JCCP, recently found:  "[T]here is considerable efficiency in coordinating
25 document production between the two cases so that Gilead can complete its production faster."
26 Anderson Decl., Ex. 4 at 3. Gilead's proposal accomplishes that important purpose by calling for
27 substantial alignment of custodians between these cases and the JCCP. Plaintiffs' approach, on the
28 other hand, would allow for wide divergence between the document custodians in these cases and

-4-

those in the JCCP, with the result of extending the time required for Gilead to complete productions. Gilead's proposal, unlike Plaintiffs' approach, accommodates all parties' legitimate needs, while at the same time allowing for the efficient progression of these cases and the related JCCP.[2]

## II. Gilead's Proposal Accords With Limitations Adopted In Similar Cases.

Gilead's proposal is consistent with limitations adopted in other drug product liability cases. For example, in *In re: Taxotere (Docetaxel) Products Liability Litigation*, No. 2:16-md-02740 (E.D. La.), an MDL also involving drug product liability claims, the defendant (Sanofi) already had produced hundreds of thousands of pages of non-custodial documents when it offered to produce documents from 33 core custodians. Like plaintiffs here, the *Taxotere* plaintiffs refused to accept limitations on custodians. Sanofi explained that, absent limitations, custodial productions would be disproportionate and unduly burdensome. The district court agreed, limiting the number of custodians to 40 (subject to extension by agreement or leave of court), and noting that it was doing so to limit the burden on the defendants. Anderson Decl., Ex. 5 at 27-28; *id.*, Ex. 6. Courts routinely recognize that litigants "'ought not be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up.'" *United States v. Medtronic, Inc.*, No. 95-1236-MLB, 2000 WL 1478476, at *3 (D. Kan. July 13, 2000). Reasonable limits on the number of custodians focus the efforts of parties; they are routinely imposed—including in large-scale product liability litigation like these cases. *E.g.*, *In re Nuvaring® Prods. Liab. Litig.*, No. 4:08-md-01964, Dkt. Nos. 88, 311-2 (E.D. Mo.) (initial limit of 32 custodians); *In re: Mirena IUD Prods. Liab. Litig*, No. 7:13-md-02434-CS-LMS, Dkt. Nos. 279 and 1391 (S.D.N.Y) (40 custodians); Fed. R. Civ. P. 26, Adv. Comm. Notes to 2015 Amends. ("consideration of the parties' resources does not … justify unlimited discovery").

## **CONCLUSION**

For the reasons above, the Court should adopt Gilead's proposed limits on custodians and enter Gilead's [Proposed] Modified Scheduling Order, which is lodged concurrently herewith.

---

[2] To that end, the parties in both litigations have already discussed coordinating Gilead depositions, including one taking place on May 29, 2020, to facilitate the efficient progress in both jurisdictions.

| | | | |
|---|---|---|---|
| 1 | DATED: May 29, 2020 | By: | */s/ Joshua E. Anderson* |
| 2 | | | Debra E. Pole (SBN 97816) |
| | | | dpole@sidley.com |
| 3 | | | Joshua E. Anderson (SBN 211320) |
| | | | janderson@sidley.com |
| 4 | | | Alycia A. Degen (SBN 211350) |
| | | | adegen@sidley.com |
| 5 | | | Sean A. Commons (SBN 217603) |
| | | | scommons@sidley.com |
| 6 | | | SIDLEY AUSTIN LLP |
| | | | 555 West Fifth Street, Suite 4000 |
| | | | Los Angeles, CA  90013 |
| 7 | | | Tel:  (213) 896-6000 |
| | | | Fax:  (213) 896-6600 |

Patrick L. Oot (admitted *pro hac vice*)
oot@shb.com
SHOOK HARDY & BACON LLP
1800 K Street NW, Suite 1000
Washington, DC  20004
Tel:  (202) 783-8400

Christopher C. Cotton (*pro hac vice* application forthcoming)
ccotton@shb.com
Jeremy Wikler (admitted *pro hac vice*)
jwikler@shb.com
SHOOK HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO  64108
Tel:  (816) 474-6550

*Attorneys for Defendant Gilead Sciences, Inc.*

-6-
DEFENDANT GILEAD SCIENCES, INC.'S BRIEF IN SUPPORT OF SCHEDULING PROPOSAL
REGARDING LIMITATIONS ON CUSTODIANS, NO. 4:18-CV-06972-JST

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2020, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

>    */s/ Joshua E. Anderson*
>    Joshua E. Anderson

# **ATTACHMENT – MODIFICATIONS TO PRETRIAL DEADLINES**

## ATTACHMENT – MODIFICATIONS TO PRETRIAL DEADLINES

| Event | Agreed Upon or Disputed Date |
|---|---|
| Submission of completed Plaintiff Fact Sheets ("PFS") | **Agreed**<br><br>Deadline to submit complete PFSs in the *Holley* and *Jones* cases and cases consolidated therewith as of January 10, 2020 (*i.e.*, *Holley*, *Dowdy*, *Lyons*, *Mosely*, and *Rivers*):  July 15, 2020; Plaintiffs to submit complete PFSs for at least 50% of those Plaintiffs by June 15, 2020.<br><br>For cases consolidated with the *Holley* or *Jones* cases *after* January 10, 2020, each Plaintiff shall submit a complete PFS (a) by August 31, 2020 for Plaintiffs in the *Arthur*, *Davillier*, and *Calkins* case, and (b) for all other cases subsequently consolidated with *Holley*, the later of (i) August 31, 2020; or (ii) within 60 days of the date of an order consolidating the case with *Holley*. |
| Deadline to begin meet and confer regarding proposed framework for the creation of a plaintiff discovery pool and selection of early trial cases | **Agreed**<br><br>July 30, 2020 |
| Parties to submit agreed or competing proposals (with briefs in support) regarding a framework for (1) the creation of a plaintiff discovery pool, (2) the selection of discovery pool cases for early trial cases, including schedules for selection of discovery pool and early trial cases, (3) a schedule and procedures for early trial cases, including a fact discovery deadline, deadline for expert discovery and deadline for Daubert and dispositive motions to precede summary jury trials, and (4) how summary jury trials will work in connection with discovery pool and/or early trial cases.[1] | **Agreed**<br><br>September 30, 2020<br><br>(with meet and confer to be completed by September 15, 2020) |

---

[1] For the reasons noted in its January 8, 2020 brief [D.E. 155 in Case No. 4:18-cv-06972], Gilead objects to the use of summary jury trials; Gilead reserves all rights in this regard.

1

| Event | Agreed Upon or Disputed Date |
|---|---|
| Deadline for completion of Gilead's production of responsive documents and ESI. | **Disputed**<br><br>Plaintiffs' Position: December 18, 2020<br><br>Gilead's Position:  December 18, 2020, subject to the following limitations:<br><br>• Substantial alignment of custodians between consolidated Holley actions and JCCP.<br><br>• Presumptive cap of 35 custodians.<br><br>• Plaintiffs can obtain up to 10 additional custodians, subject to Gilead's ability to demonstrate good cause as to why a particular custodian should not be added.<br><br>• For any custodians above 45, plaintiffs must show good cause as to why the custodian should be added.<br><br>• Gilead to complete production of Apollo documents ordered produced by Magistrate Judge Corley by June 30, 2020<br><br>• Deadlines for plaintiffs to identify custodians:<br>   o June 15:  Deadline for parties to complete meet and confer to identify two additional custodians (on top of the 13 already agreed upon);<br>   o July 15:  Deadline for parties to complete meet and confer to identify 10 additional custodians;<br>   o July 31:  Deadline for parties to complete meet and confer to identify 10 additional custodians;<br>   o August 14:  Deadline for parties to complete meet and confer to identify up to 10 additional custodians, subject to Gilead's ability to demonstrate good cause as to why a particular custodian should not be added; and<br>   o August 31:  Deadline for parties to complete meet and confer to identify any additional custodians as to which plaintiffs intend to try to make a good cause showing as to why the custodian should be added. |

3

| Event | Agreed Upon or Disputed Date |
|---|---|
| Parties to submit agreed or competing proposals (with briefs in support) regarding which issues and/or cases will be subject to non-binding summary jury trials, including the structure, schedule and procedures to govern the non-binding summary jury trials, which the parties recognize may require adjustment in light of Daubert and dispositive motion rulings. | **Agreed**<br>August 15, 2021 |
| Pretrial Procedures for Summary Jury Trials, and Summary Jury Trials | **Agreed**<br>April 2022 |
| Trial | **Agreed**<br>August 3, 2022 |