1   Debra E. Pole (SBN 97816)
    dpole@sidley.com
2   Alycia Degen (SBN 211350)
    adegen@sidley.com
3   Joshua Anderson (SBN 211320)
    janderson@sidley.com
4   Sean A. Common (SBN 217603)
    scommons@sidley.com
5   SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
6   Los Angeles, CA  90013
    Tel:  (213) 896-6000
7   Fax:  (213) 896-6600

8   *Attorneys for Defendant Gilead Sciences, Inc.*

9

10                    **UNITED STATES DISTRICT COURT**

11                    **NORTHERN DISTRICT OF CALIFORNIA**

12  ADRIAN HOLLEY, *et al.*,                  Case No. 4:18-cv-06972-JST

13          *Plaintiffs*,                     **DECLARATION OF JOSHUA E.**
                                              **ANDERSON IN SUPPORT OF**
14      v.                                    **DEFENDANT GILEAD SCIENCES, INC.'S**
                                              **MOTION FOR SANCTIONS AGAINST**
15  GILEAD SCIENCES, INC.,                    **ROBERT C. HILLIARD AND THE LAW**
                                              **FIRM OF HILLIARD MARTINEZ**
16          *Defendant*.                      **GONZALES LLP FOR VIOLATING**
                                              **PROTECTIVE ORDER**

17                                            Assigned to:        Hon. Jon S. Tigar
                                              Hearing Date:       November 18, 2020
18                                            Hearing Time:       2:00 p.m.
                                              Location:           Courtroom 6
19                                                                (By videoconference)

20

21

22

23

24

25

26

27

28

## DECLARATION OF JOSHUA E. ANDERSON

I, Joshua E. Anderson, declare as follows:

1.     I am an attorney licensed to practice in the State of California and admitted to practice before this Court. I am a partner at Sidley Austin LLP ("Sidley"), counsel for Defendant Gilead Sciences, Inc. ("Gilead") in the above-captioned action. I submit this declaration in support of Gilead's Motion for Sanctions Against Robert C. Hilliard and the Law Firm of Hilliard Martinez Gonzales LLP ("Hilliard") for Violating Protective Order ("Motion"). I have personal knowledge of the matters set forth herein. If called upon to testify, I could and would testify competently hereto.

### Gilead's Motion Challenging Hilliard's False and Misleading Advertising

2.     On August 18, 2020, I had a telephonic discussion with one of Hilliard's attorneys, Allan Pixton, to meet and confer regarding Hilliard's false advertisements about Gilead's HIV medications and this litigation. In the context of discussing Gilead's position that any stipulation to resolve those issues needed to include a finding that Hilliard's ads contained false or misleading statements, Mr. Pixton stated, in substance, that "whether in the case or some other case, karma will get you." I am not sure if Mr. Pixton was directing this comment to me personally (we were the only two people on the call), to Sidley generally, or to Gilead in connection with this litigation, the antitrust litigation against Gilead currently being prosecuted in this district by Hilliard, *see Staley v. Gilead Sciences, Inc.*, No. 19-cv-02573-EMC, or perhaps some as-yet-unfiled litigation against Gilead. But based on Mr. Pixton's language and tone, I understood his comment to be a threat in an effort to deter Gilead from pursuing legitimate relief for Hilliard's false and misleading ads. Because such threats are unprofessional, I did not respond, except to say, in effect, that I would advise Gilead of Hilliard's position.

3.     Gilead proceeded to file its motion challenging Hilliard's false and misleading ads about this litigation and Gilead's HIV medications (the "False Advertising Motion") (ECF No. 345) on August 21, 2020. In reaction to Gilead's False Advertising Motion, Robert Hilliard told the media that he saw the Motion as having "start[ed] a war with the law firm representing plaintiffs," *i.e.*, between Hilliard and Gilead. Attached hereto as **Exhibit A** is a true and correct copy of an August 24, 2020, Law360 article reflecting that statement from Mr. Hilliard.

**<u>Hilliard's Opposition to Gilead's False Advertising Motion and Public Filing of Gilead's</u>**

**<u>Confidential Documents in Violation of the Protective Order</u>**

4.      Despite Mr. Pixton's and Mr. Hilliard's comments, Gilead extended multiple professional courtesies to Hilliard in connection with the False Advertising Motion, even beyond engaging in more than one month of meet-and-confers despite the lack of any requirement to do so.

5.      On August 21, 2020, when the meet-and-confer process was exhausted, Gilead advised Hilliard that it intended to notice the False Advertising Motion for hearing on October 7, 2020, but that: "If that hearing date does not work for you and your team, or if you would like additional time for your opposition, please let me know. We would be happy to discuss a mutually-agreeable briefing and hearing schedule." Attached hereto as **Exhibit B** is a true and correct copy of an August 21, 2020, email from me to Mr. Pixton.

6.      On Saturday, August 22, 2020, Hilliard requested a two-week extension of its deadline to oppose the False Advertising Motion. On Sunday, August, 23, 2020, Gilead agreed, extending Hilliard's deadline from September 4, 2020, to September 18, 2020. Attached hereto as **Exhibit C** is a true and correct copy of an August 23, 2020, email from me to Mr. Pixton.  *See also* ECF No. 359.

7.      On September 15, 2020, Hilliard requested a further one-week extension of its deadline to oppose the False Advertising Motion. That same day, Gilead agreed, extending Hilliard's deadline from September 18, 2020, to September 25, 2020. Attached hereto as **Exhibit D** is a true and correct copy of an email, along with attachment, from Katrina Ashley of Hilliard to Alycia A. Degen, counsel to Gilead. *See also* ECF 377.

8.      Thus, in total, Gilead agreed to three weeks of extension for Hilliard to file its Opposition to Gilead's False Advertising Motion.

9.      At around 3:00 p.m., Pacific Daylight Time, on September 25, 2020 (Hilliard's twice-extended deadline to file the Opposition), Gilead learned, for the first time, that Hilliard intended to use a number of confidential documents produced by Gilead during discovery in connection with its Opposition to the Motion. On that date, Hilliard's co-counsel, Anne Johnson from Hagens Berman Sobol Shapiro LLP, sent Gilead a proposed jointly stipulated motion to seal

the confidential documents, which Gilead agreed to promptly with minor modifications. Attached hereto as **Exhibit E** is a true and correct copy of the email exchange between Ms. Johnson and me regarding the motion to seal.  Two attorneys from Hilliard – Mr. Pixton and Ms. Ashley – were copied on this email exchange.

10.    Of the exhibits that Hilliard flagged for filing with its Opposition, several were lengthy and apparently were intended to be filed in full, even though Hilliard only relied on select pages. Of those that were to be filed under seal, none was necessary to prove the truth of the particular statements that Gilead challenged in the False Advertising Motion; rather, the documents were offered to defend advertising statements that Gilead did not challenge or to support Plaintiffs' liability theories. For instance, in an email sent to me after the filing, Ms. Ashley conceded that the fact "[t]hat [a Gilead formulation known as] GS-7340 was being studied in 2002 is a publicly available fact." A true and correct copy of that September 27, 2020, email is attached hereto as **Exhibit F**. Despite that admission, at least four of the confidential exhibits submitted in support of Hilliard's Opposition are cited solely to support that "publicly available fact." *See* Opposition at 6 (citing Exhibits 12, 13, 14, and 15 to the Declaration of R. Allan Pixton).

11.    At approximately 8:43 p.m., Pacific Daylight Time, on September 25, 2020, Hilliard filed the Opposition, followed by supporting declarations and all of the exhibits over the next 20 minutes. Hilliard is based in Corpus Christi, Texas, and, to my knowledge, all of Hilliard's attorneys who have entered appearances in this case live in either the Central or Eastern time zones.

12.    Despite representing to Gilead that its confidential materials would be filed under seal, every single document in the filing—the Opposition, the declarations, and all of the exhibits, including the ten exhibits marked "Confidential"—was filed on the public docket. Hilliard did not attempt to file anything under seal; it did not file any of the redacted versions of documents that should have accompanied its filing; and it did not file the Joint Administrative Motion to Seal that Gilead had approved earlier that afternoon. All of the documents were filed using Robert Hilliard's ECF credentials.

13.    The PACER docket for these actions reflects that there are twelve lawyers from three law firms who have entered appearances for Plaintiffs and receive ECF notifications in this case.

Nevertheless, not one of them apparently monitored the filing to ensure that Gilead's confidential documents and information were filed under seal. Instead, at 9:10 a.m., Pacific Daylight Time, on the morning of Saturday, September 26, I emailed Ms. Johnson, copying, among others, Ms. Ashley and Mr. Pixton, to alert them that all of the documents could be accessed by the public through PACER. A true and correct copy of that email is attached hereto as **Exhibit G**.

14.     At about 9:30 a.m., Pacific Daylight Time, on Saturday, September 26, one of the Hilliard paralegals sent an email to the clerk of this Court to alert the Court of Hilliard's Protective Order violation. A true and correct copy of that email is attached hereto as **Exhibit H**.

15.     At the same time, Ms. Ashley sent an email to the individuals listed as ECF recipients for this case asking them not to view the errantly filed documents, and represented to me that she he had been trying to email the clerk for about an hour, but was having trouble sending emails. True and correct copies of Ms. Ashley's email to me, and her email to the ECF recipients, are attached hereto as **Exhibits I and J**.

16.     At 10:24 a.m., Pacific Daylight Time, on Saturday, September 26, Hilliard filed a "Motion to Remove" the documents. Shortly before 4:00 p.m., Pacific Daylight Time, that same afternoon, Hilliard finally filed the Joint Administrative Motion to Seal that I had approved a day earlier.

17.     At 6:37 p.m., Pacific Daylight Time, on Sunday, September 27, 2020, Ms. Ashley emailed me to offer Hilliard's first (and, to date, only) explanation for these errors, representing that the sole paralegal responsible for the filing had "experienced a serious family medical situation, that necessitated two other paralegals stepping in to get the papers timely filed, without having had the benefit of participating in the process until shortly before it was due to be filed." Ms. Ashley further represented that "the filing issues that occurred on Friday have not occurred before, and would not have occurred but for these unanticipated circumstances." Attached hereto as **Exhibit K** is a true and correct copy of that email.

18.     Because Hilliard waited until a Friday evening to file the Opposition, no one at the Court or PACER was available to help until Monday morning. Gilead's confidential information and documents remained on the public docket for more than two days, until the clerk of the Court

-4-

was able to lock them on the morning of September 28, 2020. Attached hereto as **Exhibit L** is a true and correct copy of the email from the clerk advising that the documents had been locked.

19.    Aside from the emails Hilliard sent to the ECF distribution list on the morning of September 26 and those asking the clerk to lock the documents, I am not aware of Hilliard taking any other steps to prevent the further unauthorized disclosure of Gilead's confidential documents.

20.    Given that Hilliard's efforts at remediation proved insufficient, Gilead and its counsel were forced to spend considerable effort to locate and attempt to claw back every copy of Gilead's documents that Hilliard had erroneously publicly filed. Over the course of several days following Hilliard's filing, at least eight lawyers and paralegals at Sidley spent approximately 30 combined hours reaching out and/or issuing subpoenas to PACER, to PACERPro, to other "mirror" websites, and to all of the individuals and organizations that had access to and/or downloaded Gilead's confidential documents through PACER, PACERPro, or the "mirror" websites.

21.    As a result of Gilead's remediation efforts and communications with PACER, PACERPro, and others, it appears that at least two law firms and 14 organizations and individuals beyond counsel in this case may have had access to, downloaded, or viewed Gilead's confidential documents before the documents were removed by direction of the Court, and, in turn, potentially distributed the documents to subscribers, members, and others. The organizations include Bloomberg, Court Alert, CourtHouse News, CourtLink, Docket Alarm, Docket Bird, Docket Navigator, FastCase, Justia, Law360, LexMachina, LexisNexis, PacerMonitor, and Westlaw. Gilead and its co-counsel have contacted each such recipient they have been able to identify and asked them to destroy any copies of Gilead's confidential documents they downloaded or otherwise accessed. In addition, PacerPro contacted the two outside law firms who downloaded Gilead's confidential documents and asked them to destroy their copies.

**Gilead's Fees and Expenses Incurred to Mitigate Hilliard's Protective Order Violation**

22.    I have reviewed and am familiar with the attorneys' fees and costs Gilead has incurred to Sidley in connection with remediating Hilliard's publicly filing Gilead's confidential documents in violation of the Protective Order and with preparing the Motion and supporting papers. Based on my more than two decades of experience practicing law, those fees and costs were

incurred at rates consistent with those charged by other AmLaw 50 law firms in the Los Angeles market. To date, those fees and costs are well in excess of $50,000. At least $22,000 of that amount is attributable solely to Gilead's efforts to mitigate the harm caused by Hilliard's violations; the remainder is attributable to the preparation of the Motion and its supporting papers.

**Gilead's Efforts to Meet and Confer with Hilliard**

23.    On October 12, 2020, I met and conferred with Ms. Ashley twice in an effort to resolve the issues raised in the Motion. I informed Ms. Ashley that Gilead's motion, if necessary, would seek an order requiring that:  (a) for all future filings by Hilliard involving confidential or under-seal information, Hilliard transmit to Gilead's counsel, at least forty-eight (48) hours before filing, all proposed sealing papers and redacted and unredacted versions of the papers to be filed, and (b) Hilliard pay Gilead at least $50,000 to partially compensate it for the expenses it incurred to address Hilliard's violation of the Protective Order. Ms. Ashley did not agree to these requests.

24.    On October 13, 2020, I engaged in a further meet and confer regarding the issues raised in the Motion. The participants in that call, in addition to myself, were my partner, Sean Commons, Ms. Ashley and Benjamin O'Connor from Hilliard, and Ms. Johnson from Hagens Berman Sobol Shapiro LLP. The parties discussed their respective positions regarding the issues raised in the Motion, including Gilead's bases for the Motion and the relief it would seek. Hilliard would not stipulate to any of the relief Gilead seeks by this Motion and, thus, the parties were unable to reach agreement.

25.    During that conversation, Ms. Ashley represented, for the first time, that "multiple" attorneys were involved in overseeing the filing of Hilliard's Opposition and supporting papers on September 25. I asked Ms. Ashley which attorneys were involved, and she told me that she was involved, but she declined to identify any other attorneys who were involved. As noted above, Ms. Ashley was copied on the emails exchanged between the parties regarding the need to file a motion to seal, along with the Opposition and supporting papers, in light of Plaintiffs' intent to rely on confidential documents subject to the Protective Order. *See supra* ¶ 9 & Ex. E.

26.    In advance of that conversation, and at Ms. Ashley's request, I provided Ms. Ashley with copies of emails from PacerPro and PACER to Sidley Austin LLP, wherein PacerPro and

1   PACER identified persons who may have accessed or received Gilead's confidential information

2   due to Hilliard's violation of the Protective Order. After that conversation, and in response to a

3   request by Ms. Ashley during the meet and confer, I also provided Ms. Ashley with a copy of an

4   email from Mr. Commons to Pacer, explaining why Gilead issued an emergency subpoena to Pacer.

5          I declare under penalty of perjury of the laws of the United States that the foregoing is true

6   and correct. Executed on this 14th day of October, 2020, at Los Angeles, California.

7

8                              _/s/ Joshua Anderson_____
                              Joshua Anderson

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Joshua E. Anderson in Support of Gilead's Mot. for Sanctions Against Robert
C. Hilliard and the Law Firm of Hilliard Martinez Gonzales LLP for Violating Protective
Order, No. 4:18-cv-06972-JST

# EXHIBIT A

Gilead Says Law Firm's Ads Misrepresent HIV Drug Suit - Law360



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Gilead Says Law Firm's Ads Misrepresent HIV Drug Suit

By **Emma Cueto**

Law360 (August 24, 2020, 10:26 PM EDT) -- Gilead Sciences Inc. has asked a California federal court to admonish a plaintiffs firm representing people who have taken the anti-HIV drug Truvada and related products, alleging that the firm's ads raising the alarm about the drug's effects are irresponsible and have harmed those who could benefit from the drug.

Gilead asked the court on Friday to force Hilliard Martinez Gonzales LLP to reveal all of its online ads about Truvada and other Gilead drugs tenofovir disoproxil fumarate, or TDF, and tenofovir alafenamide, or TAF.

The court should also admonish Hilliard Martinez for making misleading claims about the health effects for Truvada and be prohibited from running similar ads in the future, Gilead argued.

"There is no question Hilliard engaged in — and should be admonished for — inherently false and misleading advertising about this litigation and Gilead's TDF and TAF medications, in violation of its ethical and statutory obligations," Gilead wrote. "The court need look no further than the ads themselves and readily-ascertainable facts, many of which are alleged in Hilliard's pleadings before this court."

Truvada is a medication designed for people who are HIV-negative but at risk of HIV exposure, with Gilead claiming that it can reduce the rate of HIV transmission by 90%.

Hilliard Martinez and its clients have accused Gilead of hiding side effects from Truvada and similar drugs, especially the potential for damage to the bones and kidneys.

Gilead has denied the allegations, and the court partly dismissed the patients' claims in October 2019, including dismissing without prejudice consumer protection and fraud claims stemming from affirmative misrepresentations. However, the court left consumer protection and fraud claims related to alleged omissions by Gilead.

In the motion on Friday, Gilead alleged that Hilliard Martinez has run online ads that make false claims about Truvada and the lawsuit, claiming that those taking the drug might be entitled to "cash settlements" that don't exist and scaremongering about the drug's effects.

While the lawsuit revolves around whether Gilead's warnings were sufficient, Gilead wrote in the motion that Hilliard Martinez's ads gave the impression that the company hadn't provided any warnings about potential kidney and bone damage. The motion also included social media posts and responses that appeared to show people who either reconsidered their decision to start using the drug as the result of these online ads or stopped taking it.

"Regardless of any disclaimers Hilliard may place on such ads, the inevitable consequence is to spur patients to disregard the advice of physicians and to discontinue or refuse life-saving medications," the motion argued.

The Truvada website lists kidney problems, including kidney failure, and bone problems among the drug's potential side effects, along with liver trouble and a buildup of lactic acid.

Robert Hilliard, an attorney for the Truvada takers, told Law360 that the motion was a desperate attempt to shift the focus before a jury trial in San Francisco and that the firm was preparing a "robust" response.

"Almost two years into this litigation and Gilead has yet to stumble onto a defense that has any traction to the serious underlying allegations, which are that, solely for profit, it has intentionally injured thousands in the gay community," Hilliard said in a statement. "Instead they want to distract by starting a war with the law firm representing the plaintiffs."

A representative for Gilead told Law360 in an email, "False and misleading lawsuit advertisements related to Gilead's HIV medications are concerning from an individual and public health perspective. In Friday's filing Gilead set forth its concerns and we look forward to addressing them with the court. In the meantime, we encourage individuals to talk to a health care provider about any questions they may have about HIV risk, PrEP and potential medication side effects."

The plaintiffs are represented by Steve W. Berman, Shana E. Scarlett and Anne Fornecker Johnson of Hagens Berman Sobol Shapiro LLP, Robert C. Hilliard, Katrina R. Ashley and R. Allan Pixton of Hilliard Martinez Gonzales LLP and Jerrold S. Parker, Christine M. Durant and Raymond Charles Silverman of Parker Waichman LLP.

Gilead is represented by Debra E. Pole, Alycia Degen and Joshua Anderson of Sidley Austin LLP.

The case is Adrian Holley et al. v. Gilead Sciences Inc., case number 4:18-cv-06972, in the U.S. District Court for the Northern District of California.

--Editing by Michael Watanabe.

*Update: This story has been updated with comment from Gilead.*

---

All Content © 2003-2020, Portfolio Media, Inc.

EXHIBIT B

| | |
|---|---|
| **From:** | Anderson, Joshua E. |
| **To:** | Allan Pixton |
| **Cc:** | Bob Hilliard; Katrina Ashley; Degen, Alycia A.; Commons, Sean; Pole, Debra |
| **Subject:** | RE: Gilead: Proposed Advertising Stipulation |
| **Date:** | Friday, August 21, 2020 3:32:00 PM |
| **Attachments:** | image001.png |

Allan,

Thank you for providing Hilliard's suggested language for a draft stipulation. Those suggested edits remain unacceptable to Gilead. Accordingly, Gilead will be filing its motion today. We will set the motion for hearing on October 7. If that hearing date does not work for you and your team, or if you would like additional time for your opposition, please let me know. We would be happy to discuss a mutually-agreeable briefing and hearing schedule.

Regards,

Josh

**JOSH ANDERSON**
Partner

**SIDLEY AUSTIN LLP**
+1 213 896 6687
janderson@sidley.com

---

**From:** Allan Pixton <apixton@hmglawfirm.com>
**Sent:** Wednesday, August 19, 2020 4:21 PM
**To:** Anderson, Joshua E. <janderson@sidley.com>
**Cc:** Bob Hilliard <bobh@hmglawfirm.com>; Katrina Ashley <kashley@hmglawfirm.com>
**Subject:** Gilead: Proposed Advertising Stipulation

Josh,

Per your request, for discussion purposes, and in order to resolve without litigation Gilead's concerns regarding Hilliard advertising, please see the attached. Please let me know when you are available to discuss.

Thanks,

Allan

# R. ALLAN PIXTON

**HILLIARD MARTINEZ GONZALES LLP**
444 West Lake Street Suite 1700
Chicago, IL 60606
Phone:  312.238.0295
Direct:  312.319.4020
Fax:  312.238.0309
Email: apixton@hmglawfirm.com

EXHIBIT C

| | |
|---|---|
| From: | Anderson, Joshua E. |
| To: | Allan Pixton |
| Cc: | Bob Hilliard; Katrina Ashley; Degen, Alycia A.; Commons, Sean; Pole, Debra |
| Subject: | RE: Gilead: Proposed Advertising Stipulation |
| Date: | Sunday, August 23, 2020 6:47:00 AM |
| Attachments: | image001.png |
| | image002.png |

Allan,

Your assertion about our meet and confer is incorrect, but it is also irrelevant because no meet and confer was even required on this motion. Nevertheless, Gilead will agree to an extension to September 18 for Hilliard to file its opposition. Based on that extension, Gilead proposes the following revised briefing/hearing schedule:  opposition due September 18, reply due October 7, and hearing on October 21. If this works for you, please send me a stipulation and proposed order for my review. Thanks.

Regards,

Josh


**JOSH ANDERSON**
Partner

**SIDLEY AUSTIN LLP**
+1 213 896 6687
janderson@sidley.com

---

**From:** Allan Pixton <apixton@hmglawfirm.com>
**Sent:** Saturday, August 22, 2020 11:42 AM
**To:** Anderson, Joshua E. <janderson@sidley.com>
**Cc:** Bob Hilliard <bobh@hmglawfirm.com>; Katrina Ashley <kashley@hmglawfirm.com>; Degen, Alycia A. <adegen@sidley.com>; Commons, Sean <scommons@sidley.com>; Pole, Debra <dpole@sidley.com>
**Subject:** Re: Gilead: Proposed Advertising Stipulation

Josh,

Plaintiffs are going to need additional time to respond to Gilead's motion, which addresses numerous issues that Gilead never raised in the meet and confer process prior to filing.

Please confirm that Gilead will agree to a two week extension, until September 18, to respond to Gilead's motion.

Thanks,

Allan

# R. ALLAN PIXTON



**HILLIARD MARTINEZ GONZALES LLP**
444 West Lake Street Suite 1700
Chicago, IL 60606
Phone:  312.238.0295
Direct:  312.319.4020
Fax:  312.238.0309
Email: apixton@hmglawfirm.com

---

**From:** "Anderson, Joshua E." <janderson@sidley.com>
**Date:** Friday, August 21, 2020 at 5:32 PM
**To:** Allan Pixton <apixton@hmglawfirm.com>
**Cc:** Bob Hilliard <bobh@hmglawfirm.com>, Katrina Ashley <kashley@hmglawfirm.com>, "Degen, Alycia A." <adegen@sidley.com>, "Sean A. Commons" <scommons@sidley.com>, "Pole, Debra" <dpole@sidley.com>

**Subject:** RE: Gilead: Proposed Advertising Stipulation

Allan,

Thank you for providing Hilliard's suggested language for a draft stipulation. Those suggested edits remain unacceptable to Gilead. Accordingly, Gilead will be filing its motion today. We will set the motion for hearing on October 7. If that hearing date does not work for you and your team, or if you would like additional time for your opposition, please let me know. We would be happy to discuss a mutually-agreeable briefing and hearing schedule.

Regards,

Josh

**JOSH ANDERSON**
Partner

**SIDLEY AUSTIN LLP**
+1 213 896 6687
janderson@sidley.com

**From:** Allan Pixton <apixton@hmglawfirm.com>
**Sent:** Wednesday, August 19, 2020 4:21 PM
**To:** Anderson, Joshua E. <janderson@sidley.com>
**Cc:** Bob Hilliard <bobh@hmglawfirm.com>; Katrina Ashley <kashley@hmglawfirm.com>
**Subject:** Gilead: Proposed Advertising Stipulation

Josh,

Per your request, for discussion purposes, and in order to resolve without litigation Gilead's concerns regarding Hilliard advertising, please see the attached. Please let me know when you are available to discuss.

Thanks,

Allan

## R. ALLAN PIXTON



**HILLIARD MARTINEZ GONZALES LLP**
444 West Lake Street Suite 1700
Chicago, IL 60606
Phone:  312.238.0295
Direct:  312.319.4020
Fax:  312.238.0309
Email: apixton@hmglawfirm.com

*******************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

*******************************************************************************

EXHIBIT D

| | |
|---|---|
| **From:** | Katrina Ashley <kashley@hmglawfirm.com> |
| **Sent:** | Tuesday, September 15, 2020 2:55 PM |
| **To:** | Degen, Alycia A.; Anderson, Joshua E. |
| **Cc:** | Allan Pixton; Anne F. Johnson; Silverman, Raymond |
| **Subject:** | Stipulations |
| **Attachments:** | 2020.09.15 Gilead Stip re Extension[1].docx; Holley -- Joint Stipulation to Extend Time for Parties to Complete Meet and Confer and file briefs regarding the parties early trial proposals.docx |


Alycia,

Thank you for speaking with me this morning. I have attached a stipulation to extend our 15th and 30th deadlines and a stipulation to extend the 9/18 and 10/7 ad motions deadlines by 7 days. Because the hearing had been moved from our requested date of 10/21 to 11/4, I did not request to push that back, but let me know if this poses any issues.

Please let me know if these are approved for filing.

Thank you,

Katrina R. Ashley



**HILLIARD MARTINEZ GONZALES LLP**
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401
Phone: 361.882.1612
Direct: 513.479.9870
Fax: 361.882.3015
Email: kashley@hmglawfirm.com

**CONFIDENTIALITY NOTICE**
This electronic mail transmission contains information which is confidential and privileged under the attorney-client communication privilege and/or the attorney work product doctrine and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

Robert C. Hilliard (*pro hac vice*)
HILLIARD MARTINEZ GONZALES LLP
719 S. Shoreline Blvd.
Corpus Christi, TX 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015
Email: bobh@hmglawfirm.com

Debra E. Pole (Bar No. 97816)
Joshua Anderson (Bar No. 211320)
Alycia A. Degen (Bar No. 211350)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: dpole@sidley.com
Email: janderson@sidley.com
Email: adegen@sidley.com

*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, et al., | No. 4:18-cv-06972-JST |
| Plaintiffs, | **JOINT STIPULATION AND [PROPOSED] ORDER TO MODIFY BRIEFING SCHEDULE** |
| v. | |
| GILEAD SCIENCES, INC., | |
| Defendant. | |

Pursuant to Northern District of California Civil Local Rule 7-12, Hilliard Martinez Gonzales LLP ("Hilliard") and Defendant Gilead Sciences, Inc. ("Gilead") (collectively, the "Parties"), by and through their respective undersigned counsel of record, submit the following:

WHEREAS, on August 21, 2020, Gilead filed a Notice of Motion and Motion for an Order: (1) admonishing Hilliard Martinez Gonzales LLP for engaging in false, deceptive, or misleading advertising; (2) prohibiting Hilliard Martinez Gonzales LLP from engaging in gurther false deceptive or misleanding advertising; and (3) directing Hilliard Martinez Gonzales LLP to disclose and produce copies of its advertisements (ECF No. 348) ("Motion"), currently set for hearing on October 7, 2020;

WHEREAS, under the Court's Local Rules, Hilliard's opposition to the Motion was initially due on September 4, 2020;

WHEREAS, pursuant to the Parties' Stipulation (ECF No. 352), Hilliard's deadline to file its opposition to the Motion was extended to September 18, 2020, Gilead's deadline to file its reply was extended to October 7, 2020, and the hearing on Gilead's motion was rescheduled to November 4, 2020 at 9:30 a.m. (ECF No. 359.)

WHEREAS, due to illness and other circumstances of the primary attorneys working on the opposition, Hilliard has requested that its deadline to file its oppostition to Gilead's Motion be extended to September 25, 2020, and Gilead has agreed.

WHEREAS, in light of the above agreed-upon extension request, the Parties would also like to respectfully request a revised briefing schedule for the Motion.

THEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, through their undersigned counsel of record, and pursuant to Local Rule 6-2 and 7-12, and the Parties hereby request the Court to order, that:

1. Hilliard's deadline to file its opposition to the Motion be extended to September 25, 2020;

2. Gilead's reply to Hilliard's opposition be due on October 14, 2020; and

3. The hearing on Gilead's Motion set for November 4, 2020 at 9:30 a.m., is unchanged.

**IT IS SO STIPULATED.**

1   DATED: September _____, 2020                    By: /s/ _____

2                                                   Robert C. Hilliard (*pro hac vice*)
3                                                   Katrina R. Ashley (*pro hac vice*)
                                                    HILLIARD MARTINEZ GONZALES LLP
4                                                   719 S. Shoreline Blvd.
                                                    Corpus Christi, TX 78401
5                                                   Telephone: (361) 882-1612
                                                    Facsimile: (361) 882-3015
6                                                   Email: bobh@hmglawfirm.com
7                                                   Email: kashley@hmglawfirm.com

8                                                   R. Allan Pixton (*pro hac vice*)
                                                    HILLIARD MARTINEZ GONZALES LLP
9                                                   4444 West Lake Street Suite 1700
                                                    Chicago, IL 60606
10                                                  Telephone: (312) 238-0295
                                                    Facsimile: (312) 238-0309
11                                                  Email: apixton@hmglawfirm.com

12

13  DATED: September ____, 2020                     By: /s/ Draft _____

14                                                  Debra E. Pole (Bar No. 97816)
15                                                  Joshua Anderson (Bar No. 211320)
                                                    Alycia A. Degen (Bar No. 211350)
16                                                  SIDLEY AUSTIN LLP
                                                    555 West Fifth Street, Suite 4000
17                                                  Los Angeles, CA 90013
                                                    Telephone: (213) 896-6000
18                                                  Facsimile: (213) 896-6600
19                                                  Email: dpole@sidley.com
                                                    Email: janderson@sidley.com
20                                                  Email: adegen@sidley.com

21                                                  *Attorneys for Defendant Gilead Sciences, Inc.*

22

23

24

25

26

27

28

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I am the ECF User whose identification and password are being used to file the foregoing Joint Stipulation and [Proposed] Order to Modify Briefing and Hearing Schedule. Pursuant to Civil Local Rule 5-1(i), I hereby attest that the other signatories have concurred in this filing.

Dated:  September _____, 2020                    By:____/s/_____
                                                              Robert C. Hilliard

**[PROPOSED] ORDER**

Pursuant to the foregoing stipulation of the Parties, and good cause appearing, it is hereby ORDERED as follows:

1. Hilliard's deadline to file its opposition to Gilead's Motion for an Order: (1) admonishing Hilliard Martinez Gonzales LLP for engaging in false, deceptive, or misleading advertising; (2) prohibiting Hilliard Martinez Gonzales LLP from engaging in gurther false deceptive or misleanding advertising; and (3) directing Hilliard Martinez Gonzales LLP to disclose and produce copies of its advertisements ("Motion") is extended to September 25, 2020;

2. Gilead's reply to Hilliard's opposition is due by October 14, 2020; and

3. The hearing on Gilead's Motion shall go forward on November 4, 2020, at 9:30 a.m.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2020

_____
Honorable John S. Tigar
United States District Judge

# EXHIBIT E

**From:** Anne F. Johnson <annej@hbsslaw.com>
**Sent:** Friday, September 25, 2020 4:25 PM
**To:** Anderson, Joshua E. <janderson@sidley.com>
**Cc:** kashley@hmglawfirm.com; apixton@hmglawfirm.com; Degen, Alycia A. <adegen@sidley.com>; Commons, Sean <scommons@sidley.com>
**Subject:** RE: Joint Administration Motion to Seal re HMG Advertising Motion

Josh,

The extension and suggested changes are fine.

Thanks,
Anne

Anne F. Johnson | **Hagens Berman Sobol Shapiro LLP** | Cell: 718-916-3520

**From:** Anderson, Joshua E. <janderson@sidley.com>
**Sent:** Friday, September 25, 2020 6:06 PM
**To:** Anne F. Johnson <AnneJ@hbsslaw.com>
**Cc:** Katrina Ashley <KAshley@hmglawfirm.com>; Allan Pixton <apixton@hmglawfirm.com>; adegen@sidley.com; scommons@sidley.com
**Subject:** RE: Joint Administration Motion to Seal re HMG Advertising Motion

Anne,

Attached are some minor revisions to the draft motion. You will see that we are asking for the courtesy of a three day extension to file Gilead's declaration. Please confirm that you will agree to that request and we will send you a draft stipulation. Thanks.

Regards,

Josh

**JOSH ANDERSON**

**SIDLEY AUSTIN LLP**
+1 213 896 6687
janderson@sidley.com

**From:** Anne F. Johnson <annej@hbsslaw.com>
**Sent:** Friday, September 25, 2020 2:46 PM

1

**To:** Anderson, Joshua E. <janderson@sidley.com>; Degen, Alycia A. <adegen@sidley.com>
**Cc:** kashley@hmglawfirm.com; apixton@hmglawfirm.com
**Subject:** Joint Administration Motion to Seal re HMG Advertising Motion

Josh:

We've drafted the attached Joint Administrative Motion to request sealing of the listed Gilead documents and accompanying portions of the brief—pending Gilead's submission of the required declaration in 4 days' time. The language is consistent with past joint motions in this case.

Please send any edits to the Joint Motion or give your authorization to file.

Thanks,
Anne

**Anne F. Johnson** | Senior Counsel
**Hagens Berman Sobol Shapiro LLP**
100 Congress Avenue, Suite 2000, Austin, TX 78701
Direct: (718) 916-3520
annej@hbsslaw.com | www.hbsslaw.com

Firm News | Cases | Twitter | Facebook



Named 2019 Mass Tort Elite Trial Lawyers by the *National Law Journal* and honored by the American Antitrust Institute for Outstanding Antitrust Litigation also in 2019

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

*********************************************************************************************
****************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

*********************************************************************************************
****************

# EXHIBIT F

**From:** Katrina Ashley <kashley@hmglawfirm.com>
**Sent:** Sunday, September 27, 2020 11:28 AM
**To:** Anderson, Joshua E. <janderson@sidley.com>
**Cc:** Degen, Alycia A. <adegen@sidley.com>; Patrick Oot (Partner) <OOT@shb.com>; Chris Cotton (Partner) <CCOTTON@shb.com>; Talai, Andrew <atalai@sidley.com>; Anne F. Johnson <annej@hbsslaw.com>; Commons, Sean <scommons@sidley.com>; Allan Pixton <apixton@hmglawfirm.com>
**Subject:** Re: URGENT, ACTION REQUIRED: Please read regarding filing in Holley v. Gilead Sciences, Inc.


Josh,

Ms. Langford's Declaration lists the documents she reviewed at ¶ 6. There is no mention of "Gilead documents" in that paragraph, much less documents produced by Gilead in this or related litigation. That GS-7340 was being studied in 2002 is a publicly available fact. *See, e.g.,* https://clinicaltrials.gov/ct2/show/NCT00036634. *See also* Plaintiffs' First Amended Complaint ¶ 398 ("At the end of the first quarter of 2002, Gilead told investors that it had initiated Phase I/II testing of GS-7340. In an earnings call, Gilead stated that it had initiated a dose escalation study for GS-7340 through which Gilead intended to prove that GS-7340 was more potent than Viread, meaning that it could be administered at a safer, lower dose."). As ¶ 6 notes, Ms. Langford spoke with me, Allan, and Bob. Ms. Langford did not communicate with anyone else in the Firm, including staff. Allan provided Gilead's Motion and its attachments to Ms. Langford, and I provided all other documents listed in ¶ 6. Neither I nor Allan provided Ms. Langford with any documents produced by Gilead in this or any related litigation (nor did anyone else at the Firm). Neither Allan nor I read any portions of those documents (or quoted excerpts, or portions of our opposition) to Ms. Langford. Ms. Lanford has not been provided with any material that is subject to the protective order in this matter.

My email below was clear that no documents produced by Gilead in this or related litigation were provided to Ms. Langford. We regret and take very seriously that certain documents were inadvertently filed not under seal. However, these tactical collateral attacks, like Gilead's dubious Motion to Admonish, are not civil, productive, or an efficient use of either party's resources.


Katrina R. Ashley



**HILLIARD MARTINEZ GONZALES LLP**
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401
Phone:  361.882.1612

Fax:  361.882.3015
Email: kashley@hmglawfirm.com

**CONFIDENTIALITY NOTICE**
This  electronic mail transmission contains information which is confidential  and privileged under the attorney-client communication privilege and/or  the attorney work product doctrine and should be read or retained only  by the intended recipient. If you have received this transmission in  error, please immediately notify the sender and delete it from your  system.

# EXHIBIT G

**From:** "Anderson, Joshua E." <janderson@sidley.com>
**Sent:** Sep 26, 2020 9:09 AM
**To:** annej@hbsslaw.com
**Cc:** kashley@hmglawfirm.com; apixton@hmglawfirm.com; "Degen, Alycia A." <adegen@sidley.com>; "Commons, Sean" <scommons@sidley.com>
**Subject:** RE: Joint Administration Motion to Seal re HMG Advertising Motion

Anne,

It appears that you have filed Gilead's confidential documents and a brief referring and quoting those documents publicly. You need to correct this immediately. We reserve the right to seek all appropriate relief for this blatant violation of the protective order, including sanctions.

Regards,

Josh


Sent with BlackBerry Work (www.blackberry.com)

# EXHIBIT H

**From:** Rachel Vander-Plaats <rvander-plaats@hmglawfirm.com>
**Sent:** Saturday, September 26, 2020 9:28 AM
**To:** Jacquelyn Lovrin <Jacquelyn_Lovrin@cand.uscourts.gov>; JST CRD <JSTCRD@cand.uscourts.gov>
**Cc:** janderson@sidley.com; Degen, Alycia A. <adegen@sidley.com>; Melika Harris <mharris@hmglawfirm.com>; Katrina Ashley <kashley@hmglawfirm.com>; Allan Pixton <apixton@hmglawfirm.com>; Lauren Gonzales <lauren@hmglawfirm.com>; Emily Beeson <ebeeson@hmglawfirm.com>; Anne F. Johnson <annej@hbsslaw.com>
**Subject:** Incorrectly Filed Documents - Holley v. Gilead Sciences, Inc., No. 18-cv-06972-JST

Ms. Lovrin and Ms. Lee,

Last night, we inadvertently filed an unredacted version of our Opposition (ECF No. 386) to Gilead's Motion to Admonish (ECF No. 345), along with several declarations. The Declaration of R. Allan Pixton (ECF No. 392) also contains exhibits which were inadvertently filed not under seal (Exhibits 6, 7, 9, 10, 11, 12, 13, 14, 15, and 19). Certain portions of the Opposition reflect material that Gilead has marked confidential; and, the referenced Exhibits have been marked confidential. We would like to have access to the documents temporarily blocked. We are in the process of drafting a Motion to Remove Incorrectly Filed Documents, and will file that along with corrected versions today. Please let me know if there is anything additional we can do to hasten disabled access. I apologize for the error and for the inconvenience to the Court, particularly on a Saturday.

Thank you,

Rachel Vander Plaats
*Paralegal*



**HILLIARD MARTINEZ GONZALES LLP**
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401

Phone:  361.886.4069
Fax:  361.882.3015
Email:  rvander-plaats@hmglawfirm.com
Web:  hmglawfirm.com

**CONFIDENTIALITY NOTICE**
This electronic mail transmission contains information which is confidential and privileged under the attorney-client communication privilege and/or the attorney work product doctrine and should be read or retained only

by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# EXHIBIT I

| From: | Katrina Ashley |
|---|---|
| To: | Commons, Sean; Pole, Debra; DeOrio, Diana; debra-pole-7984@ecf.pacerpro.com; Anderson, Joshua E.; anna-tutundjian-5450@ecf.pacerpro.com; Tutundjian, Anna; Degen, Alycia A.; alycia-degen-4717@ecf.pacerpro.com; annette-vandenberg-4602@ecf.pacerpro.com; Peralta, Adriane; Espinoza, Claudia; EFiling Notice; ellyce-cooper-0324@ecf.pacerpro.com; joshua-anderson-8636@ecf.pacerpro.com; LA Downtown Efiling Notice; Espinoza, Leticia; Anne F. Johnson; Dawn Van Diest; court@bencrump.com; cdurant@yourlawyer.com; etoyberman@yourlawyer.com; schilelli@yourlawyer.com; Oxx, Christopher; christopherp@hbsslaw.com; chads@hbsslaw.com; erikas@hbsslaw.com; jconte@hbsslaw.com; ccotton@shb.com; Spira, Daniel A.; daniel-spira-5955@ecf.pacerpro.com; EFiling Notice; LA Downtown Efiling Notice; Emily Beeson; hbiggs@yourlawyer.com; nmorello@yourlawyer.com; Park, Inn-Young; Giusti, Darlene; inn-young-park-5178@ecf.pacerpro.com; SF - Docket; jwikler@shb.com; Jerry@yourlawyer.com; ecf-7c9851ff5953@ecf.pacerpro.com; mmuhlstock@yourlawyer.com; Melika Harris; njd@draklaw.com; sag@draklaw.com; oot@shb.com; KMESMER@shb.com; Allan Pixton; rsilverman@yourlawyer.com; riop@hbsslaw.com; sfa_filings@hbsslaw.com; Robert Hilliard; Bob Hilliard; Aissa Barrera; Robert Perkins; Emily Beeson; HMGService; JoAnn Vasquez; Rachel Vander-Plaats; rjd@draklaw.com; srubin@shb.com; Commons, Sean; Espinoza, Claudia; sean-commons-1061@ecf.pacerpro.com; shanas@hbsslaw.com; breannav@hbsslaw.com; jeanethd@hbsslaw.com; Nicolle Grueneich; Steve Berman; heatherw@hbsslaw.com; Nicolle Grueneich; whitneys@hbsslaw.com; chi_filings@hbsslaw.com; Lauren Gonzales |
| Subject: | URGENT, ACTION REQUIRED: Please read regarding filing in Holley v. Gilead Sciences, Inc. |
| Date: | Saturday, September 26, 2020 11:26:42 AM |
| Attachments: | image001.png |



### DO NOT VIEW ECF NOS. 386 or 392 (or its exhibits). If you have downloaded, saved, or printed a copy, please dispose of it immediately.

On September 25, 2020, the Firm inadvertently filed an unredacted version of its Opposition (ECF No. 386) to Gilead's Motion to Admonish (ECF No. 345), along with several declarations. The Declaration of R. Allan Pixton (ECF No. 392) also contains exhibits that were inadvertently filed not under seal (Exhibits 6, 7, 9, 10, 11, 12, 13, 14, 15, and 19). The unredacted materials and exhibits contain material that Gilead has designated confidential in this matter. Upon realizing the error on September 26, 2020, the Firm immediately contacted the Court's Clerk and Deputy, Mauriona Lee, and the Court's Docketing and Docket Correction Clerk, Jacquelyn Lovrin, and requested that the documents be made temporarily inaccessible. We also filed an Unopposed Motion to Remove Incorrectly Filed Documents (ECF No. 393) and are currently preparing corrected filings. Out of an abundance of caution, we are requesting that each individual on the ECF service list, each of whom are copied on this email and whether or not you have executed the Protective Order in this matter, to:

### PLEASE DO NOT VIEW AND PLEASE DISPOSE OF WITHOUT VIEWING:
### Any copies of (or original saves or downloads) or files reflecting ECF Nos. 386 and 392 (and its exhibits).

Katrina R. Ashley



**HILLIARD MARTINEZ GONZALES LLP**
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401
Phone:  361.882.1612
Direct:  513.479.9870
Fax:  361.882.3015
Email: kashley@hmglawfirm.com

**CONFIDENTIALITY NOTICE**
This  electronic mail transmission contains information which is confidential  and privileged under the attorney-client communication privilege and/or  the attorney work product doctrine and should be read or retained only  by the intended recipient. If you have received this transmission in  error, please immediately notify the sender and delete it from your  system.

EXHIBIT J

**From:** Katrina Ashley <kashley@hmglawfirm.com>
**Sent:** Saturday, September 26, 2020 9:28 AM
**To:** Anderson, Joshua E. <janderson@sidley.com>; annej@hbsslaw.com
**Cc:** Allan Pixton <apixton@hmglawfirm.com>; Degen, Alycia A. <adegen@sidley.com>; Commons, Sean <scommons@sidley.com>
**Subject:** Re: Joint Administration Motion to Seal re HMG Advertising Motion


Josh,

I have sent an email to the clerk (copying you and Alycia) twice now. I even sent a forward/reply to my team on it, but the original email is not showing in my sent box even though there is a time stamp (time is Eastern Time). See attached. Another person from my office is in the process of sending it again. I apologize that it has not yet been received. We attempted to notify you immediately and took immediate corrective action. We are in the process of filing the Motion to Remove as well as the corrected document.

Katrina R. Ashley



**HILLIARD MARTINEZ GONZALES LLP**
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401
Phone:  361.882.1612
Direct:  513.479.9870
Fax:  361.882.3015
Email: kashley@hmglawfirm.com

**CONFIDENTIALITY NOTICE**
This  electronic mail transmission contains information which is confidential  and privileged under the attorney-client communication privilege and/or  the attorney work product doctrine and should be read or retained only  by the intended recipient. If you have received this transmission in  error, please immediately notify the sender and delete it from your  system.

**From:** "Anderson, Joshua E." <janderson@sidley.com>
**Date:** Saturday, September 26, 2020 at 12:09 PM
**To:** "annej@hbsslaw.com" <annej@hbsslaw.com>

<adegen@sidley.com>, "Sean A. Commons" <scommons@sidley.com>
**Subject:** RE: Joint Administration Motion to Seal re HMG Advertising Motion

Anne,

It appears that you have filed Gilead's confidential documents and a brief referring and quoting those documents publicly. You need to correct this immediately. We reserve the right seek all appropriate relief for this blatant violation of the protective order, including sanctions.

Regards,

Josh


Sent with BlackBerry Work (www.blackberry.com)

EXHIBIT K

**Attachments:**                            Zitrin Declaration[1].pdf


**From:** Katrina Ashley <kashley@hmglawfirm.com>
**Sent:** Sep 27, 2020 6:37 PM
**To:** "Anderson, Joshua E." <janderson@sidley.com>
**Cc:** "Degen, Alycia A." <adegen@sidley.com>; "Patrick Oot (Partner)" <OOT@shb.com>; "Chris Cotton
(Partner)" <CCOTTON@shb.com>; "Talai, Andrew" <atalai@sidley.com>; "Anne F. Johnson"
<annej@hbsslaw.com>; "Commons, Sean" <scommons@sidley.com>; Allan Pixton
<apixton@hmglawfirm.com>
**Subject:** Re: URGENT, ACTION REQUIRED: Please read regarding filing in Holley v. Gilead Sciences, Inc.


Josh,

We disagree with your characterizations below, but I address only the filing and protective order issues here.

Regarding documents subject to the Protective Order, I have told you two times that no documents produced by Gilead in
this or related litigation were provided to any non-HMG declarant. Because that is a fact and it is true, my response is not
going to change no matter how many times you attack my veracity. Mr. Zitrin was not provided any documents covered
by the Protective Order, nor was any other non-HMG declarant.

I do thank you for bringing the Zitrin Declaration to my attention and have attached it here.

Late in the day on Friday, as the opposition and exhibits were being finalized, the paralegal assigned to file the
Opposition, Declarations, Exhibits, and Motion to Seal, experienced a serious family medical situation. That necessitated
two other paralegals stepping in to get the papers timely filed, without having had the benefit of participating in the
process until shortly before it was due to be filed. The filing issues that occurred on Friday have not occurred before, and
would not have occurred but for these unanticipated circumstances.

Regarding your question as to whether the Friday Opposition is identical to the Redacted Version filed Saturday: I can
confirm that we did not direct any substantive or technical edits other than to change the dates of filing and service. I will
confirm with the paralegal that she did not make any changes on her own initiative. I cannot represent to you that it is
otherwise identical because I can't 100% say, for example, that there aren't any formatting differences in the conversion
to PDF – *i.e.* are we off a line or spacing somewhere between versions. This 9:30 p.m. on a Sunday existential crisis about
whether there is a possible computer generated difference between versions is unfortunate, but necessary for me in light of
the tenor of your communications and the conversion of a regretted mistake into a Gilead opportunity. I have no doubt
that the HMG team would have handled this situation with you, if the situation were reversed, with the grace it deserves—
an understanding diligence; and, I'm confident that will continue in the future, because that's how we practice law here at
HMG.


Katrina R. Ashley



**HILLIARD MARTINEZ GONZALES LLP**
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401
Phone:  361.882.1612
Direct:  513.479.9870
Fax:  361.882.3015
Email: kashley@hmglawfirm.com

**CONFIDENTIALITY NOTICE**
This  electronic mail transmission contains information which is confidential  and privileged under the attorney-client communication privilege and/or  the attorney work product doctrine and should be read or retained only  by the intended recipient. If you have received this transmission in  error, please immediately notify the sender and delete it from your  system.

EXHIBIT L

**From:** Jacquelyn Lovrin <Jacquelyn_Lovrin@cand.uscourts.gov>
**Sent:** Sep 28, 2020 7:30 AM
**To:** 'Rachel Vander-Plaats' <rvander-plaats@hmglawfirm.com>; JST CRD <JSTCRD@cand.uscourts.gov>
**Cc:** "Anderson, Joshua E." <janderson@sidley.com>; "Degen, Alycia A." <adegen@sidley.com>; Melika Harris <mharris@hmglawfirm.com>; Katrina Ashley <kashley@hmglawfirm.com>; Allan Pixton <apixton@hmglawfirm.com>; Lauren Gonzales <lauren@hmglawfirm.com>; Emily Beeson <ebeeson@hmglawfirm.com>; "Anne F. Johnson" <annej@hbsslaw.com>
**Subject:** RE: Incorrectly Filed Documents - Holley v. Gilead Sciences, Inc., No. 18-cv-06972-JST

Ms. Vander Platts,

The document has been locked.

Jacquelyn Lovrin
Case Systems Administrator
United States District Court
Northern District of California
https://cand.uscourts.gov
jacquelyn_lovrin@cand.uscourts.gov
Office: 510-637-1873

---

**From:** Rachel Vander-Plaats <rvander-plaats@hmglawfirm.com>
**Sent:** Saturday, September 26, 2020 9:28 AM
**To:** Jacquelyn Lovrin <Jacquelyn_Lovrin@cand.uscourts.gov>; JST CRD <JSTCRD@cand.uscourts.gov>
**Cc:** janderson@sidley.com; Degen, Alycia A. <adegen@sidley.com>; Melika Harris <mharris@hmglawfirm.com>; Katrina Ashley <kashley@hmglawfirm.com>; Allan Pixton <apixton@hmglawfirm.com>; Lauren Gonzales <lauren@hmglawfirm.com>; Emily Beeson <ebeeson@hmglawfirm.com>; Anne F. Johnson <annej@hbsslaw.com>
**Subject:** Incorrectly Filed Documents - Holley v. Gilead Sciences, Inc., No. 18-cv-06972-JST

Ms. Lovrin and Ms. Lee,

Last night, we inadvertently filed an unredacted version of our Opposition (ECF No. 386) to Gilead's Motion to Admonish (ECF No. 345), along with several declarations. The Declaration of R. Allan Pixton (ECF No. 392) also contains exhibits which were inadvertently filed not under seal (Exhibits 6, 7, 9, 10, 11, 12, 13, 14, 15, and 19). Certain portions of the Opposition reflect material that Gilead has marked confidential; and, the referenced Exhibits have been marked confidential. We would like to have access to the documents temporarily blocked. We are in the process of drafting a Motion to Remove Incorrectly Filed Documents, and will file that along

1

with corrected versions today. Please let me know if there is anything additional we can do to hasten disabled access. I apologize for the error and for the inconvenience to the Court, particularly on a Saturday.

Thank you,

Rachel Vander Plaats
*Paralegal*



**HILLIARD MARTINEZ GONZALES LLP**
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401

Phone:  361.886.4069
Fax:  361.882.3015
Email:  rvander-plaats@hmglawfirm.com
Web:  hmglawfirm.com

**CONFIDENTIALITY NOTICE**
This electronic mail transmission contains information which is confidential and privileged under the attorney-client communication privilege and/or the attorney work product doctrine and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on this 14th day of October, 2020, I electronically filed the foregoing

3

with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means

4

to all counsel of record.

5

*/s/ Joshua Anderson*
Joshua Anderson

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

DECLARATION OF JOSHUA E. ANDERSON IN SUPPORT OF GILEAD'S MOT. FOR SANCTIONS AGAINST ROBERT
C. HILLIARD AND THE LAW FIRM OF HILLIARD MARTINEZ GONZALES LLP FOR VIOLATING PROTECTIVE
ORDER, NO. 4:18-CV-06972-JST