UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>Defendants. | Case No. 18-cv-06972-JST (JSC)<br><br>**ORDER FOLLOWING MAY 18, 2021 DISCOVERY CONFERENCE**<br><br>Re: Dkt. Nos. 626, 627, 656, 657, 672, 673, 679, 680 |

The Court held a video discovery hearing with the parties on May 18, 2021. As discussed at the hearing, the Court rules on the pending discovery disputes as follows.

1. **Dkt. Nos. 656, 657**

Defendants ask the Court to retroactively impose $500 per day monetary sanctions for each plaintiff that has not submitted what Defendants deem fully completed medical authorizations and declarations as required by the Plaintiff Fact Sheet Case Management Order (PFS CMO). The request is DENIED. First, as the Court stated at the April 1, 2021 hearing, Defendants had not raised the issue in writing in advance of the April 1 hearing. (Dkt. No. 644 at 9-10.) While Plaintiffs agreed to provide updated information within a week, that agreement was made without the opportunity to address the issue with fellow counsel given that Defendants had not notified them that the issue would be raised at the hearing. In line with the informal nature of the Court's guidance, no order requiring Plaintiffs to provide the information was included in the Court's order following the April 1, 2021 hearing. (Dkt. No. 634.)

Further, as Defendants are not seeking their attorneys' fees and costs incurred as a result of certain plaintiffs' delay, but instead are seeking a penalty of $500 per day since April 30, 2021, they are actually seeking civil contempt: a daily penalty to compel Plaintiffs to comply. They have

not, however, met their burden to obtain a civil contempt order. *See F.T.C. v. Affordable Media,* 179 F.3d 1228, 1239 (9th Cir. 1999) ("[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.") (internal citation omitted). The penalty for past delays is just that, a penalty, and they cite no authority for such a ruling. Moreover, this Magistrate Judge does not have jurisdiction to dismiss any party's claims.

Finally, and most dispositively, the CMO PFS creates the process for addressing delinquent fact sheets. (Dkt. No. 83 at 4-5.) Defendants should follow that process if they believe a plaintiff's delinquency warrants dismissal.

The sealing request is GRANTED. (Dkt. No. 657.)

### 2. Dkt. Nos. 679, 680

#### A. Plaintiff ESI Backlog

As addressed at the April 1, 2021 hearing, hundreds of plaintiffs have not complied with their PFS CMO social media obligations; that is, these plaintiffs have not complied with a court order. (Dkt. No. 83.) To address that deficiency, and to take account of the burden urged by Plaintiffs, the Court gave each newly-filed plaintiff more time to produce their social media; namely, within 90 days of submission of the Plaintiff Fact Sheet. (Dkt. No. 634 ¶ 3.) The Court further ordered the parties to meet and confer regarding a process for addressing the backlog of overdue social media productions. (*Id.*)

Rather than address the backlog, Plaintiffs moved the district court to modify the PFS CMO and stay their social media obligations. (Dkt. No. 659.) Fine. But in the meantime, and unless and until their motion is granted, they are obligated to comply with the district court's current governing orders, including the PFS CMO. Accordingly, the Court adopts Defendants' proposal. Plaintiffs shall complete producing all backlogged social media ESI by April 30, 2022 by making productions for at least 75 overdue plaintiffs per month.

#### B. Search Terms for Plaintiffs' ESI

The PFS CMO requires each plaintiff to produce the following:

>   H. All communications (written or electronic) you have made or

2

|   |   |
|---|---|
| 1 | responded to with anyone (e.g.,healthcare providers, other HIV medication users, relatives, etc.) other than your lawyer, about any HIV medication(s) you took, this lawsuit, ***or your alleged injuries***. This request includes, but is not limited to, online communications, emails or other electronic communications, internet postings, comments to blogs or articles, and communications through social media that you have sent or received. If you posted concerning any HIV medication you took on any social media, provide your history from that site (e.g., provide a print out of your Facebook wall, Facebook activity history, or "Download your info" report from Facebook). |

(Dkt. No. 83-1 at 22 (emphasis added).) The parties have agreed to 100 search terms for gathering this information, but Defendants contend that Plaintiffs should add an additional 20 search terms. (Dkt. Nos. 680-2, 680-8.) According to Defendants, the additional 20 terms are relevant to the *cause* of Plaintiffs' injuries, and, specifically, potential causes other than Defendants' HIV drugs. They insist that such information is relevant.

While information related to alternative causation is relevant, it is not required at this stage of the litigation for each and every plaintiff as part of the PFS CMO. The reference to "your alleged injuries" refers to the injuries each plaintiff allegedly suffered as a result of Defendants' drugs, not to possible causes of those injuries. That discovery comes later.

The sealing request is GRANTED. (Dkt. No. 679.)

**3. Dkt. Nos. 672, 673**

Defendants shall produce their Fact Sheets within 60 days of receipt of a Plaintiff Fact Sheet that is complete as to the following information:

A. Answers to all applicable questions in Sections I (A), III, and IV (A), (B), (C), and (K) of the PFS;
B. A signed and dated Declaration;
C. Duly executed record release Authorizations (Section X of the PFS);
D. Designation of treating health care provider(s) by Plaintiff's counsel completing a "Plaintiff's Core Treating Healthcare Provider Designation for Defendant Fact Sheet."

Defendants have not identified any other information from the PFS needed to complete their own Fact Sheets. Their concern that this process will allow Plaintiffs to narrow their fact sheet obligations is not well-taken. Plaintiffs' obligations as set forth in the PFS CMO have not changed and if a plaintiff does not complete a fact sheet as required Defendants have a remedy as set forth in the PFS CMO.

3

Plaintiffs' request for expedited production in light of the bellwether selection date is denied. This issue was brought to the Court's attention on May 11, 2021 and the deadline for Phase I Discovery Pool Selection is June 1, 2021. Perhaps the parties can agree to the production of some Defendant Fact Sheets prior to the selection deadline given that it is in everyone's interest to have a representative pool of plaintiffs, but the Court will not order it given the delay in bringing the issue to the Court's attention.

The parties shall submit a Defendant Fact Sheet stipulated implementation order on or before May 21, 2021. However, Defendants' 60 days begins to run from the date it received all the above information for a particular plaintiff; in other words, the time has already begun to run for some plaintiffs.

The sealing request is GRANTED. (Dkt. No. 673.)

### 4. Attorney-Client Privilege Dispute (Dkt. Nos. 626, 627)

On or before May 25, 2021, Defendants shall advise the Court of which attorney-client privilege designations it is withdrawing from the documents submitted for in camera review.

\*\*\*

This Order disposes of Docket Nos. 656, 657, 672, 673, 678, 679.

**IT IS SO ORDERED.**

Dated: May 19, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge