UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-06972-JST  (JSC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 721 |

Now pending before the Court is Gilead's motion for reconsideration of the Court's ruling that Gilead waived any privilege in Exhibit KK. (Dkt. Nos. 721, 713.) After carefully considering Gilead's motion and Plaintiffs' response, the Court DENIES the motion for reconsideration.

First, Gilead has not shown that the Court failed to consider a dispositive argument raised by Gilead; namely, that in these circumstances waiver is governed by Federal Rule of Evidence 502(d). *See* N. Cal. Civ. L.R. 7-9(b)(3). To the contrary, and as Plaintiffs explain in their response, Gilead expressly argued that waiver was governed by California law. (Dkt. No. 627 at 19 (in waiver discussion stating that "California privilege law applies here").) Its oblique reference to the Protective Order in a footnote does not save its argument as the rest of the footnote cites California law. (*Id.* at n. 57.)

Second, even under the Protective Order, Gilead waived the privilege. The Protective Order provides:

> Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding, arbitration, patent proceeding, or other administrative proceeding. For example, the mere production of privileged or work-product protected documents in this case as part of a mass production is not itself a waiver in this

> case or in any other federal or state proceeding, arbitration, patent proceedings, or other administrative proceedings. Nor shall the fact of production by any producing party in this action be used as a basis for arguing that a claim of privilege or work-product has been waived in any other proceeding. This non-waiver order shall be interpreted to provide the maximum protection allowed by law.
>
> In the event that a producing party claims that it failed to designate or withhold any production materials or other information as privileged or work-product materials, *it shall promptly notify*, in writing, all parties to whom such privileged material was produced or disclosed of the producing party's intent to assert a claim of privilege or work-product over such materials.

(Dkt. No. 68 Sec. 11 (emphasis added).)  The Court did not find that Gilead waived the privilege because it produced Exhibit KK in unredacted form to Plaintiffs; instead, it found waiver because Plaintiffs filed the document in unredacted form on the docket *and quoted from the allegedly privileged portion in its brief.*   It took Gilead three months after Plaintiffs' public use to attempt to claw the document back.  The Court found that the three-month delay after Plaintiffs quoted the allegedly privileged material was the waiver.  And, under the Protective Order, the three-month delay is not "promptly" notifying.  Gilead does not cite any case that suggests a three-month delay after a document is publicly filed is a "prompt" notification.

Accordingly, Gilead's motion for reconsideration regarding Exhibit KK is denied.

This Order disposes of Docket No. 721.

**IT IS SO ORDERED.**

Dated: August 2, 2021

                                                                                    _____
                                                                                    JACQUELINE SCOTT CORLEY
                                                                                    United States Magistrate Judge