# EXHIBIT O



SIDLEY AUSTIN LLP
1 SOUTH DEARBORN
CHICAGO, IL 60603
+1 312 853 0524
+1 312 853 7036 FAX

AMERICA • ASIA PACIFIC • EUROPE

ECURTIN@SIDLEY.COM
+1 312 853 0524

August 19, 2022

**VIA EMAIL**

Anne F. Johnson
Hagens Berman Sobol Shapiro LLP
68 3rd Street, Office 349
Brooklyn NY 11231
annej@hbsslaw.com

    Re:    August 12, 2022 Letter Demanding Additional Depositions of Gilead Experts

Dear Anne:

    This letter responds to Plaintiffs' August 12, 2022, letter in which you assert that Plaintiffs are "entitled to discovery regarding the extent to which [Gilead's] experts' reports originated with and were authored by counsel." This assertion cannot be squared with the record in this case or the Stipulation and Order Regarding Expert Discovery—to which Plaintiffs agreed—entered by Judge Tigar on July 9, 2021. *See* ECF No. 732 ("Order"). Plaintiffs' position is an unabashed attempt to eviscerate the Order, a stipulated court order upon which both parties have relied for over a year and from which all parties (including Plaintiffs) have benefited. Gilead strenuously disagrees with Plaintiffs' position, and will seek the relief outlined in this letter from Judge Tigar, if Plaintiffs proceed.[1]

    As Plaintiffs know, the Order governing expert discovery in this case states: "To the extent that this Stipulation and Order imposes limitations on discovery which otherwise would be available under the Federal Rules of Civil Procedure, the parties have agreed to any such limitations." ECF No. 732 at 2 ¶ 1. This means that, where there is a conflict, the Order governs, and not Rule 26. Pursuant to the Order, "any notes or other writings taken or prepared by or for an expert witness in connection with this matter," "any draft reports . . . prepared by, for, or at the direction of, an expert witness," and "any oral or written communication between and among an expert witness and . . . attorneys for the party," "need not be disclosed by any party and an expert

---

[1] As communicated by email, Plaintiffs' demanded relief would essentially re-write or abrogate the Order, more than a year after it was entered, after months of expert discovery and hundreds of hours of expert preparation. For that reason, it is not a "discovery dispute" and any briefing must be done via noticed motion directed to Judge Tigar, who entered the Order.

# SIDLEY

August 19, 2022
Page 2

***may not be examined at deposition, hearing or trial, on the contents***" of those categories of documents. *Id.* at 3 ¶ 5(a)–(c) (emphasis added).

At no time before expert depositions did Plaintiffs ask the Court to modify or abrogate the Order. Instead, and despite the Order's express and unambiguous language that plainly bars inquiry into the expert report drafting process and communications between expert witnesses and counsel, Plaintiffs' counsel charged ahead with improper deposition questioning *as if there was no such Order in place.* The most glaring example was the deposition of Gilead's expert nephrologist Dr. Deirdre Sawinski, which included, among other violative conduct, Plaintiffs' counsel asking Dr. Sawinski *eleven times* whether she prepared a specific sentence or paragraph in her report, over Gilead's continued objections and instructions not to answer. *See, e.g.,* July 28, 2022 Deposition of Deirdre Sawinski at 147:7–8, 153:18–19. This pattern was repeated at various expert depositions, again without regard to the Order in effect in this case. Plaintiffs' apparent position that the Order should be modified does not justify this questioning; the Order was in effect during all of these depositions and remains so. Plaintiffs' counsel, who were admitted *pro hac vice* to this Court, are bound by the Court's existing orders and not what they wished the orders said.

Plaintiffs' letter seems to argue that they are entitled to reopen depositions because of Paragraph 6 of the Order, which excepts from protection "any information, communications, or documents which . . . the expert relied upon as a basis for forming their opinions." ECF No. 732 at 4 ¶ 6(b).[2] Of course, Plaintiffs already have the entire list of materials Gilead's experts relied on in forming their opinions, which were properly included as footnotes in each report, as required by Paragraph 4 of the Order. *Id.* at 2 ¶ 4. If Gilead's experts did not reference or produce communications with counsel or other experts pursuant to Paragraph 6 of the Order, then such communications *were not relied upon* as a basis for forming their opinions. In addition to the comprehensive footnotes, some experts testified that they relied upon their experience and education, just as Plaintiffs' experts did. *See, e.g.*, August 5, 2022 Deposition of Derek M. Fine (Rough) at 250:10–12 (explaining that he offers opinions based upon the "totality of [his] knowledge, [his] experience, [and his] understanding of the literature"). *No expert* has testified that he or she relied on "information, communications, and/or documents" from Gilead's counsel or other experts as a basis for forming their opinions.[3] Dr. Kuritzkes, for example, confirmed that "there were no materials provided to [him] or that [he] independently chose to review that helped [him] to form [his] opinions that [he] did not identify in [his] report." August 17, 2022 Deposition

---

[2] This exception is narrower than Rule 26. *Compare* Fed. R. Civ. P. 26(b)(4)(C)(ii) (applying to "communications" that "identify facts or data that the party's attorney provided and that the expert *considered* in forming the opinions to be expressed") (emphasis added), *with* ECF No. 732, at 4 ¶ 6(b) (applying to "communications" that "the expert *relies upon* as a basis for forming their opinions") (emphasis added). All of Plaintiffs' cited cases rely on Rule 26, and thus, their analyses are inapposite to this issue. Plaintiffs have provided no citations to cases with comparable agreed and entered orders further narrowing expert discovery beyond the limitations provided by Rule 26.

[3] By contrast, at the deposition of Dr. Fine, Plaintiffs' counsel refused to allow questioning of whether Dr. Fine relied on a timeline provided by Plaintiffs' counsel in forming his opinions. This was in clear violation of the Order, which provides for discovery into documents relied upon in forming opinions. *See* ECF No. 732, at 3 ¶ 6(b).

# SIDLEY

August 19, 2022
Page 3

of Daniel Kuritzkes (Rough) at 62:14–19. Whether Plaintiffs disbelieve Gilead's experts' sworn testimony about their reliance materials, or failed to ask the proper questions (thus waiving their right to do so), neither is a sound basis for reopening the deposition in contravention of the Order. On this record, Plaintiffs' unsupported accusation that Gilead's experts "relied on information, communications, and/or documents that came from Gilead's counsel as a basis for forming their opinions" is reckless, unfounded, and no basis to reopen depositions.

Gilead did not ask improper questions of Plaintiffs' experts given its faithfulness to the existing Order, and will continue to the comply with the Order. But if Plaintiffs' position is credited, and the Order modified, Gilead will seek comparable relief regarding Plaintiffs' experts, including reopening their depositions to probe the extent to which Plaintiffs' counsel engaged in the drafting process or development of expert opinions.[4] This includes, but is not limited to, seeking additional discovery/depositions of the following:

- Experts whose reports "appear to be drafted by someone with a legal background based on the sentence structure, vocabulary, and overall tone." *R.D. v. Lake Wash. Sch. Dist.*, No. 2:18-cv-01009, 2019 WL 2172852, at *1 (W.D. Wash. May 15, 2019) (cited in Plaintiffs' letter). This potentially includes Dr. Nagaich, whose report is replete with legal opinions and phrasing, Drs. Fine, Kovacs, and Nieves, whose reports contain non-medical argumentative/legal language, and Ms. Fontein, whose report admittedly reflected feedback from lawyers. *See* July 26, 2022 Deposition of Saskia Fontein at 326:14-25.

- Experts for whom Gilead has reason to believe the list of reliance materials is incomplete. This includes Dr. Fine, who testified that timelines created and provided by counsel were "helpful," but as to which counsel prohibited further questioning. *See* August 5, 2022 Deposition of Derek M. Fine at 153:21–22.

- Experts who effectively conceded they did not prepare their reports. This includes Dr. Rosenthal, who reviewed only 14 Gilead documents despite signing a 24-page report with nearly 100 citations. *See* May 27, 2022 Expert Report of Meredith Rosenthal; August 3, 2022 Deposition of Meredith Rosenthal (Rough) at 216:8–11, 317:20–318:15.

---

[4] To be clear, Gilead disagrees with Plaintiffs' apparent view that attorney involvement in the drafting process is improper. The advisory committee notes to Rule 26 expressly envision such involvement. *See* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment ("Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports."). And the Order in this case protects all draft reports "prepared by, ***for, or at the direction of, an expert witness***." ECF No. 732 at 4 ¶ 5(b) (emphasis added). In other words, the Order itself— entered by the Court to govern expert discovery in this case—contemplates that someone other than the expert may participate in drafting the report for the expert, or at the expert's direction. But if opposing counsel's subjective belief that the attorneys were involved in the drafting process is sufficient to upend an Order and reopen depositions, it will be a two-way street.

# SIDLEY

August 19, 2022
Page 4

    We can meet and confer about this matter at 2 PM CT on Monday. Please circulate a call-in number if that time works for Plaintiffs.

                                          Respectfully,

                                          */s Elizabeth C. Curtin*
                                          Elizabeth C. Curtin