UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br><br>Defendant. | Case No. 18-cv-06972-JST<br><br>**ORDER RE: CHRISTOPHER BRUGGEMAN'S MOTION TO INTERVENE AND MOTION FOR LEAVE TO SUPPLEMENT INTERVENTION PLEADINGS**<br><br>Re: ECF Nos. 966, 970 |

Christopher R. Bruggeman seeks to intervene as a plaintiff in this case. ECF No. 966. The Court defers ruling on that motion but grants Bruggeman's motion for leave to supplement intervention pleadings, ECF No. 970.

Defendant Gilead Sciences, Inc. does not believe that Bruggeman meets the requirements for intervention as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. Gilead also opines that it "is unclear" whether Bruggeman satisfies the standard for permissive intervention under Rule 24(b). ECF No. 969 at 4. However, Gilead has no objection to Bruggeman's intervention if:

> Mr. Bruggeman complies with the requirements of Rule 24(c) and prepares and files his own complaint in a separate action; agrees to stipulate to consolidating his action for pretrial purposes with the above-captioned consolidated *Holley* action; and agrees to be subject to the same obligations and deadlines as every other plaintiff in the consolidated *Holley* action, including the requirement to submit a Plaintiff Fact Sheet ("PFS").

*Id.* Plaintiffs also do not oppose Bruggeman's intervention "[f]or substantially the same reasons cited by Gilead." ECF No. 980 at 2.

It appears that Bruggeman may seek to stand on the existing pleadings. *See* ECF No. 1012 at 4. However, these are a collection of individual cases and not a class action, and Bruggeman

must therefore file his own complaint or be added to an existing complaint by Plaintiffs' counsel, should Plaintiffs' counsel choose to represent him. The Court encourages Plaintiffs' counsel to communicate with Bruggeman to determine whether they will represent him.

Plaintiffs' counsel shall file a statement regarding their potential representation of Bruggeman within 35 days of the date of this order. The Court will grant a request for a reasonable extension if counsel encounters difficulties communicating with Bruggeman. If Plaintiffs' counsel will represent Bruggeman, they shall propose in their statement a deadline by which an amended complaint will be filed.

In the meantime, Bruggeman shall consider Gilead's suggested conditions for his intervention, including when he would be able to file his own complaint if Plaintiffs' counsel do not represent him, whether he agrees to consolidate his claims with the *Holley* action, and whether he agrees to comply with the requirement to submit a Plaintiff Fact Sheet. The Court will require a written response from Bruggeman if Plaintiffs' counsel decline to represent him.

The Clerk shall serve a copy of this order on Bruggeman at the address listed in his motion. In addition, because Bruggeman states that he did not receive a copy of Gilead's opposition to his motion for intervention, ECF No. 1012 at 2, the Clerk shall also serve a copy of ECF No. 969 on Bruggeman. Finally, the Clerk shall serve on Bruggeman a copy of ECF No. 83, including exhibits, so that he can review the Plaintiff Fact Sheet required of all plaintiffs in these consolidated cases.

**IT IS SO ORDERED.**

Dated: October 20, 2022

_____
JON S. TIGAR
United States District Judge