UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GILEAD SCIENCES, INC.,<br><br>　　　　Defendant. | Case No. 18-cv-06972-JST<br><br>**ORDER DENYING MOTION TO FILE MATERIAL UNDER SEAL**<br><br>Re: ECF No. 1192 |

The parties have filed a joint motion to file under seal, ECF No. 1192, certain material in conjunction with their joint letter brief re: Gilead's motion to strike Plaintiffs' untimely and improper expert opinions, ECF No. 1191.[1]  The parties request sealing of entire expert reports, ignoring the rule that a "party must . . . avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)."  Civil L.R. 79-5(a).  Plaintiffs state that the basis for sealing is that the documents contain "private medical information about [an] individual plaintiff."  ECF No. 1192 at 2-5.  While there may be good cause for sealing such information, this does not justify sealing other information, such as the expert witnesses' identities, their qualifications, or non-patient-specific information contained in their reports.  For example, the parties request sealing of such innocuous statements as, "I hold all these opinions to a reasonable degree of medical and scientific certainty," ECF No. 1192-3 at 3, and "A copy of my curriculum vitae is attached as Exhibit A," ECF No. 1192-4 at 3 (emphasis omitted).

/ / /

/ / /

---

[1] Although the parties addressed the letter brief to the magistrate judge to whom discovery has been referred, the Court will itself resolve the disputes raised in this letter brief.

The motion to seal is denied without prejudice because it is not narrowly tailored. The parties shall file a renewed, narrowly tailored motion within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated:  March 9, 2023

JON S. TIGAR
United States District Judge