1  Robert C. Hilliard (admitted *pro hac vice*)
   bobh@hilliard-law.com.
2  HILLIARD LAW
   719 S. Shoreline Blvd.
3  Corpus Christi, TX 78401
   Tel: (361) 882-1612
4  Fax: (361) 882-3015

5  Steve W. Berman (*pro hac vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
6  1301 Second Avenue, Suite 2000
   Seattle, WA 98101
7  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
8  Email: steve@hbsslaw.com

9  *Attorneys for Plaintiffs*

10 [Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, *et al.*, | Case No. 4:18-cv-06972-JST |
| *Plaintiffs*, | **PLAINTIFFS' RESPONSE TO DEFENDANT GILEAD SCIENCES, INC.'S FOURTH MOTION TO DISMISS THE CLAIMS OF CERTAIN PLAINTIFFS FOR FAILURE TO RESPOND TO PLAINTIFF FACT SHEET DEFICIENCY NOTICES (ECF No. 1445)** |
| v. | |
| GILEAD SCIENCES, INC., | |
| *Defendant*. | |
| *This Document Relates to certain plaintiffs, listed on Exhibit A to the Declaration of Eva M. Weiler (ECF 1445-3), and originally filed in the following cases:* | |
| *Bird, et al. v. Gilead Sciences, Inc.*, 4:22-cv-00595-JST; | |
| *Calkins, et al. v. Gilead Sciences, Inc.*, 4:20-cv-01884-JST; | |
| *Cariano, et al. v. Gilead Sciences, Inc.*, 4:22-cv-01867-JST; | |
| *Criado, et al. v. Gilead Sciences, Inc.*, 4:21-cv-05656-JST; | |

*Danner, et al. v. Gilead Sciences, Inc.*,
4:23-cv-01517-JST;

*Dowdy et al. v. Gilead Sciences, Inc.*,
4:19-cv-00481-JST;

*Goldfinger et al. v. Gilead Sciences, Inc.*,
4:20-cv-04043-JST;

*Harlan, et al. v. Gilead Sciences, Inc.*,
4:22-cv-03156-JST;

*Holley et al. v. Gilead Sciences, Inc.*,
4:18-cv-06972-JST;

*Keefe, et al. v. Gilead Sciences, Inc.*,
4:22-cv-01370-JST;

*Kelly, A., et al. v. Gilead Sciences, Inc.*,
4:22-cv-00688-JST;

*Koski, et al. v. Gilead Sciences, Inc.*,
4:22-cv-08903-JST;

*Lassiter, et al. v. Gilead Sciences, Inc.*,
4:22-cv-06635-JST;

*Lee, et al. v. Gilead Sciences, Inc.*,
4:22-cv-02353-JST;

*Lundy et al v. Gilead Sciences Inc., et al.*,
4:20-cv-05282-JST;

*Mosely et al. v. Gilead Sciences, Inc.*,
4:19-cv-05816-JST;

*Sharp, D., et al. v. Gilead Sciences, Inc.*,
4:22-cv-09184-JST;

*Wright, A. et al. v. Gilead Sciences, Inc.*,
4:21-cv-06082-JST.

PLAINTIFFS' RESPONSE TO GILEAD'S FOURTH MOTION TO DISMISS THE CLAIMS OF CERTAIN PLAINTIFFS FOR FAILURE TO RESPOND TO PLAINTIFF FACT SHEET DEFICIENCY NOTICES (ECF NO. 1445)

No. 4:18-cv-06972-JST

## I. INTRODUCTION

Plaintiffs submit the following Response to Gilead's Fourth Motion to Dismiss the Claims of Certain Plaintiffs for Failure to Respond to Plaintiff Fact Sheet Deficiency Notices (ECF No. 1445) ("Motion" or "Gilead's Motion").

On December 20, 2023, Gilead filed its Motion to dismiss the claims of Plaintiffs listed on Exhibit A to the Declaration of Eva M. Weiler in support of Gilead's Motion ("Weiler Declaration" or "Wei`ler Decl."). Gilead's Motion seeks terminating sanctions in response to an alleged discovery violation. But, there has been no failure to comply with a court order: all Plaintiffs identified by Gilead's Motion have previously served a Plaintiff Fact Sheet ("PFS") substantially complete to the best of their ability at the time of service, pursuant to § 1(d) of the Court's Case Management Order on Plaintiff Fact Sheets and Document Productions (ECF No. 83) ("PFS CMO"). Where information requested by the PFS is either unavailable to Plaintiff or Plaintiff is unable to recall, the PFS CMO sets out in § 1(d)(1) that "Plaintiff may answer questions in good faith by indicating 'not applicable,' 'I don't know,' 'do not recall' or 'unknown' where Plaintiff can provide no other information[.]"

Following service of each Plaintiffs' substantially complete PFS pursuant to PFS CMO § 1(d), Gilead served Deficiency Notice Letters ("Notice Letter") to Counsel seeking additional information beyond that which Plaintiffs possessed at the time they served their initial PFS responses. These Notice Letters are served through the Parties' PFS vendor, LMI, Inc. and allege a deficiency for each field in the PFS that does not have a response sufficiently complete for the LMI system, regardless of compliance with the PFS CMO. (Godfrey Decl. at ¶ 6.) These deficiencies alleged by Notice Letter can be separated into several broad categories. First, the Notice Letters allege a Plaintiff's PFS is deficient in many instances that Plaintiff responds "not applicable," "I don't know," "do not recall," or "unknown" despite the PFS CMO identifying these as good faith answers. (*See e.g.*, Ex. B to Weiler Decl. at 2-16 and 25-35). Second, the Notice Letters allege a Plaintiff's PFS is deficient where requested documents were not produced, whether they are in Plaintiff's possession or not. (*See e.g.*, Ex. B. to Wikler Decl. at 16-17 and 35-37). Gilead has made no allegation that Plaintiff's responses are in bad faith, false, incorrect, or otherwise willful violations of the PFS CMO or other Court Order.

The PFS CMO also instructs that "[i]f a Plaintiff certifies that he or she has submitted a substantially completed PFS, the Plaintiff's claims shall not be dismissed unless the Court finds that the certification is false or incorrect or the Court determines that dismissal is otherwise warranted[.]" (PFS CMO, § 2(b) at 4-5). Since Counsel's receipt of Gilead's Notice Letters certain Plaintiffs identified by Gilead's Motion have served a Supplemental PFS with any additional information recollected and/or documents obtained since the serving of Plaintiff's initial PFS, or responded to Gilead's Notice Letters certifying by correspondence that their initial PFS remains substantially complete and additional documents or recollection remain unavailable to them; and Counsel continue to interview other Plaintiffs identified by Gilead's Motion for supplemental information or confirmation that their initial PFS remains substantially complete to the best of their ability pursuant to § 1(d) of the PFS CMO. (*Infra* §§ A-C; Declaration of Anthony S. Godfrey ("Godfrey Decl.") ¶¶ 7-9.)

**A. Plaintiffs who have served a Supplemental PFS and should be withdrawn from Gilead's Motion.**

Gilead has previously agreed to withdraw from its Motion those Plaintiffs who have served a supplemental PFS since the filing of its Motion to Dismiss, without prejudice to Gilead's rights under § 2 of the PFS CMO. (Godfrey Decl. at ¶¶ 4-5.)

The Plaintiffs identified on Exhibit 1 – Schedule A, attached to the concurrently filed Declaration of Anthony S. Godfrey, have either served a supplemental PFS after the filing of Gilead's Motion, and should therefore be withdrawn from the Motion and not dismissed. (*See also* PFS CMO § 2(b)) ("If a Plaintiff certifies that he or she has submitted a substantially completed PFS, the Plaintiff's claims shall not be dismissed unless the Court finds that the certification is false or incorrect or the Court determines that dismissal is otherwise warranted[.])

**B. Plaintiffs who have served a Response to Gilead's Notice Letter certifying that they have submitted a substantially complete PFS and should be withdrawn from Gilead's Motion.**

The Plaintiffs identified on Exhibit 1 – Schedule B, attached to the concurrently filed Declaration of Anthony S. Godfrey, have responded by correspondence to Gilead's Notice Letter, certifying that no additional documents are in their possession, their recollection has not since been refreshed, and they have submitted a substantially complete PFS. Much of the additional information sought by Gilead involves interactions with health care providers that occurred several years ago which Plaintiffs do not recall due to the passage of time. Where the information sought relates to documents or medical records, Counsel have ordered and continue to await production of medical records from various facilities and health care providers who rendered care and treatment to Plaintiffs. (Godfrey Decl. at ¶ 8.) The response time and retention policies of these health care providers and facilities varies widely, and no document in plaintiffs' or Counsel's possession, or information known to plaintiffs or Counsel, is being withheld from Gilead, and certainly not in bad faith. *Id*. These Plaintiffs should be withdrawn from Gilead's Motion and not dismissed pursuant to the PFS CMO § 2(b). ("If a Plaintiff certifies that he or she has submitted a substantially completed PFS, the Plaintiff's claims shall not be dismissed unless the Court finds that the certification is false or incorrect or the Court determines that dismissal is otherwise warranted[.]")

**C. Plaintiffs Subject to Deceased Stipulation**

The Plaintiffs identified on Exhibit 1 – Schedule C, attached to the concurrently filed Declaration of Anthony S. Godfrey, are newly discovered by Plaintiffs' counsel to be deceased. Plaintiff Death Notices were served by email to counsel for Gilead on January 26, 2024. Godfrey Decl. at ¶ 9. Pursuant to ¶ 6 of the Court's Order Regarding Deceased Plaintiffs (ECF No. 1434), no Schedule C plaintiff shall be subject to dismissal for failure to comply with discovery obligations prior to April 25, 2024.

**D. Remaining Plaintiffs**

With respect to the remaining Plaintiffs, listed on Exhibit 1 – Schedule C to the concurrently filed Declaration of Anthony S. Godfrey, despite their best efforts Counsel have been unable to obtain additional documents and information, have been unable to make recent contact, or have found plaintiffs to be recently deceased and counsel unable to identify next of kin. (Godfrey Decl. at ¶ 10.) Counsel are therefore unable to certify at this time that the substantially complete initial PFS does not require supplementing with newly known or acquired information or documents. However, Gilead has previously represented to Plaintiffs that it will withdraw from its Motion any Plaintiffs who submit a supplemental PFS prior to the August 24, 2023 hearing date. *Id*. at ¶ 5. Should Plaintiffs' Counsel locate or make contact with these Plaintiffs, Counsel (or perhaps the Parties jointly), will update the Court regarding the status of supplemental PFS service for the Plaintiffs identified on Schedule D, and whether any of these Plaintiffs will be withdrawn from the motion, dismiss their claims, or whether any other action should be taken. *Id* at ¶ 10. To the extent the Court dismisses these Plaintiffs' claims, they should be dismissed without prejudice pursuant to § 2(b) of the PFS CMO.

**II.    LEGAL ARGUMENT**

"A court is permitted to impose the drastic sanction of dismissal or default under Rule 37(b)(2)(C) of the Federal rules of Civil Procedure only in 'extreme circumstances' where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Wathan v. Pazin*, No. CVF051609AWIDLB, 2007 WL 628670, at *1 (E.D. Cal. Feb. 28, 2007) (denying motion to dismiss for failure to prosecute and failure to comply with discovery orders where bad faith or willfulness not shown) (citing *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir.1996)). *See also Bowoto v. Chevron Texaco Corp.*, No. C 99-02506 SI, 2008 WL 552456, at *2 (N.D. Cal. Feb. 27, 2008) (denying motion to dismiss for failure to produce discovery where bad faith was not shown). Public policy favors disposition of cases on their merits. *Id*. (citing *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.1987).

- 4 -

PLAINTIFFS' RESPONSE TO GILEAD'S FOURTH MOTION TO DISMISS THE CLAIMS OF CERTAIN PLAINTIFFS FOR FAILURE TO RESPOND TO PLAINTIFF FACT SHEET DEFICIENCY NOTICES (ECF NO. 1445)

No. 4:18-cv-06972-JST

Gilead cannot establish willfulness, bad faith, or fault, nor that the delay is unreasonable or an extreme circumstance. Plaintiffs have either supplemented their initial PFS with later acquired or recalled information consistent with their continuing obligations under the PFS CMO, or simply do not have additional information to provide and have responded to Gilead accordingly.

Even if bad faith and extreme circumstances could be shown, which they cannot, Gilead has not sufficiently shown prejudice. Unlike *In re Phenylpropanolamine*, cited by Gilead, where several trials had occurred at the time of the dismissals, the first Gilead trial is nearly a year away and more than five and a half years since the filing of the initial claim, and Gilead has consistently advocated for still later trial dates. (*See e.g.*, ECF No. 49-1).

Presiding over similar disputes in the state court litigation, the Honorable Andrew Y.S. Cheng ruled that, "[i]n light of the COVID-19 pandemic, the lack of a showing of plaintiffs' willfulness in failing to comply with CMO No. 8, the incremental approach courts should apply when considering terminating sanctions, and the policy in favor of resolving cases on the merits," extension of time for plaintiffs to cure deficiencies in their PPFS and produce discovery was warranted. (Order Granting in Part and Continuing in Part Gilead's Renewed Motion for An Order to Show Cause Why Plaintiffs' Claims Should Not Be Dismissed for Failure to Submit A Plaintiff Fact Sheet and/or Plaintiff Profile Form, and For Dismissal of Cases; and Continuing Gilead's Motion for An Order to Show Cause Why Plaintiffs' Claims Should Not Be Dismissed for Failure to Submit A Plaintiff Profile Form, and For Dismissal of Claims, JCCP No. 5043 February 10, 2021 ("JCCP Order").)

In light of Plaintiffs' compliance with §§ 1(d) and 2(b) of the PFS CMO, the absence of willfulness, bad faith, extreme circumstances, prejudice in failing to provide any unknown or unpossessed information, Plaintiffs respectfully request that the Court deny Gilead's Motion.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court 1) deny Gilead's Motion to Dismiss as to the Plaintiffs listed in Sections A, B, and C above; 2) issue any rulings on the remaining Plaintiffs only after the February 22, 2024 hearing to enable the Parties to update the Court regarding any additional Plaintiffs who may have supplemented their PFS or may be otherwise withdrawn from the Motion; and 3) to the extent the Court dismisses the claims of any Plaintiff for failure to respond to a Plaintiff Fact Sheet Deficiency Notice, that any such dismissal be without prejudice pursuant to § 2(b) of the PFS CMO.

| | | |
|---|---|---|
| 1 | DATED: January 26, 2024 | Respectfully submitted, |
| 2 | | By: *Robert C. Hilliard* |
| | | Robert C. Hilliard (*pro hac vice*) |
| 3 | | Anthony S. Godfrey (*pro hac vice*) |
| 4 | | HILLIARD LAW |
| | | 719 S. Shoreline Blvd. |
| 5 | | Corpus Christi, TX 78401 |
| | | Telephone: (361) 882-1612 |
| 6 | | Facsimile: (361) 882-3015 |
| | | Email: bobh@hilliard-law.com |
| 7 | | Email: agodfrey@hilliard-law.com |

Steve W. Berman (*pro hac vice*) Anne F. Johnson (*pro hac vice*) HAGENS BERMAN SOBOL SHAPIRO LLP 1301 Second Avenue, Suite 2000 Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: annej@hbsslaw.com

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: shanas@hbsslaw.com

*Attorneys for Plaintiffs*

- 7 -
PLAINTIFFS' RESPONSE TO GILEAD'S FOURTH MOTION TO DISMISS THE CLAIMS OF CERTAIN PLAINTIFFS FOR FAILURE TO RESPOND TO PLAINTIFF FACT SHEET DEFICIENCY NOTICES (ECF NO. 1445)
No. 4:18-cv-06972-JST

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2024, I electronically filed the foregoing using the CM/ECF system which will serve notification of such filing to the email of all counsel of record in this action.

By: /s/ *Robert C. Hilliard*
Robert C. Hilliard