UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOLLEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br><br>    Defendant. | Case No. 18-cv-06972-JST<br><br>**ORDER DENYING PLAINTIFF ADAN ACE ZAMORA, JR.'S MOTION FOR RECONSIDERATION; ORDER DENYING ZAMORA'S MOTION TO EXCLUDE EVIDENCE; ORDER LIFTING STAY**<br><br>Re: ECF Nos. 107, 115 (4:20-cv-01884-JST) |
| This order relates to:<br><br>*Holley v. Gilead Sciences, Inc.*,<br>Case No. 4:18-cv-06972-JST<br><br>*Calkins v. Gilead Sciences, Inc.*,<br>Case No. 4:20-cv-01884-JST | |

    The Court granted Plaintiffs' counsel's motion to withdraw as to Plaintiff Adan "Ace" Zamora, Jr. ECF No. 104; ECF No. 104-1 at 5.[1] Zamora sought leave to file a motion for reconsideration of that order, ECF No. 105, and the Court granted such leave, ECF No. 106. The Court also granted Zamora's motion to stay all proceedings as to Zamora's claims except for the briefing deadlines as to the motion for reconsideration. ECF No. 112.

    Plaintiffs' counsel filed a timely opposition to Zamora's motion. ECF No. 113. Zamora's deadline to file a reply was April 25, 2025, ECF No. 106 at 1, but Zamora did not file a reply until May 3, 2025, ECF No. 114. The Court considers Zamora's reply even though it is untimely. The Court previously advised that Zamora's motion would "be taken under submission without oral

---

[1] Except where indicated, all ECF citations in this order are to the docket for *Calkins v. Gilead Sciences, Inc.*, Case No. 4:20-cv-01884-JST. "*Holley* ECF" refers to the docket for Case No. 4:18-cv-06972-JST.

1  argument unless otherwise ordered by the Court," ECF No. 106 at 1, and now finds the motion
2  suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

   Zamora argues that he did not know the withdrawal motion would be granted without a hearing and asserts that he lacked an opportunity to be heard in opposition.[2] However, Zamora was given an opportunity to respond in writing to the motion to withdraw but failed to do so. *Holley* ECF No. 849 ("Plaintiffs who are the subject of the motion [to withdraw] shall have 28 days from the date of the filing of the motion to file an opposition."); *Holley* ECF No. 1672 (certificate of service of ECF No. 849, including on Zamora). In addition, the Court has allowed Zamora the opportunity to file a motion for reconsideration and has considered the arguments contained in Zamora's late-filed reply brief. Zamora has therefore been given several meaningful opportunities to be heard in opposition to Plaintiffs' counsel's motion to withdraw.

   Zamora states, "Plaintiff has been away from home due to a family emergency involving Plaintiff's mother-in-law, making it difficult to retain substitute counsel." ECF No. 107 at 2 (emphasis omitted). Zamora also argues, "Plaintiff was not provided with full details regarding CMS [Centers for Medicare & Medicaid Services] withholdings, claim scope, or settlement breakdowns, severely limiting their ability to make informed legal decisions," and that he will suffer prejudice if he is not represented by a lawyer. *Id.* (emphasis omitted). Zamora next asserts, "Plaintiff requested access to key case materials, including medical depositions, videos, and reports from experts retained on my behalf, but was informed that such materials were confidential, and denied access." ECF No. 108 at 3 (emphasis omitted). Finally, Zamora contends that Plaintiffs' counsel violated various rules of ethical conduct promulgated by the American Bar Association. *Id.* at 6–8.

   Counsel's declaration in response to Zamora's motion indicates that counsel had multiple

---

[2] Zamora occasionally uses "their" as a self-referential pronoun, *e.g.*, ECF No. 108 at 3, but also uses "he" and "his," *e.g.*, ECF No. 114 at 1–6. The Court uses the latter pronouns to refer to Zamora because Zamora uses those more frequently. If Zamora uses they/them pronouns, Zamora is invited to indicate that in a subsequent filing. As indicated in the Court's standing order, "Litigants and lawyers are invited to indicate their pronouns (e.g., she/her, he/him, they/them) and honorifics (e.g., Mr., Ms., Mx., Dr.) by adding the information in the name block or signature line of a court filing or informing the Court when making an appearance."

discussions with Zamora, who ultimately opted out of participating in the global settlement reached in this case.[3] ECF No. 113-1 ¶¶ 4–9. Counsel's declaration also indicates that they had several communications with Zamora about their motion to withdraw, including one telephone call that lasted nearly one hour. *Id.* ¶¶ 10–19. In addition, on December 3, 2024, counsel complied with Zamora's request and "sent Mr. Zamora his case file including: the operative complaint for his claims; his updated plaintiff fact sheet; all of his medical records; proffer letters related to electronically stored information directed to Mr. Zamora; his claim questionnaire; and his retainer agreement with the Firms." *Id.* ¶ 11; *see id.* ¶ 2 (defining "Firms" to refer to Hilliard Law and Hagens Berman Sobol Shapiro LLP, the firms that filed the motion to withdraw as counsel). Regarding Zamora's complaint about not receiving sufficient information regarding Medicare liens, counsel explains:

> Any potential Medicare liens cannot be resolved until there is an accepted settlement and there is a claims administration process. Given that there was no settlement of Mr. Zamora's claims here, Counsel could not detail any actual Medicare/CMS liens against his settlement amount—all that could be done was inform Mr. Zamora of the *potential* of liens against any proceeds. And this was done multiple times, including in the March 26, 2024 letter and the Settlement Participation Form.

*Id.* ¶ 24. Counsel also states that the law firms seeking withdrawal "have recommended that Mr. Zamora seek alternative representation" and "have provided Mr. Zamora with names of potential lawyers and firms that could serve as substitute counsel." *Id.* ¶¶ 27(b), (c).

Zamora disputes some of the representations by counsel and states, for example, that he did not receive "any tailored legal advice addressing my unique circumstances." ECF No. 114-1 ¶ 3. Zamora also states that counsel "often attempted to contact me by phone despite my request to use email due to an ongoing family medical crisis," *id.* ¶ 4, but Zamora does not dispute that he

---

[3] Zamora has filed a motion to exclude evidence of settlement discussions under Rule 408 of the Federal Rules of Evidence. ECF No. 115. The Court denies that motion. None of the evidence submitted in counsel's declaration is being considered for either of the prohibited uses: "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Moreover, Zamora himself states that he "opted out of the proposed settlement," ECF No. 114-1 ¶ 2, and therefore cannot object to the Court's consideration of that fact.

had multiple communications with counsel, including a lengthy telephone call, regarding his claims. Additionally, Zamora states, "I was not offered assistance in locating new counsel. I received no referrals or transition support, and I faced procedural disadvantages in navigating complex litigation alone." *Id.* ¶ 5.

Having considered Zamora's motion, Plaintiffs' counsel's response, and Zamora's reply, the Court will deny Zamora's motion for reconsideration. First, the Court finds that counsel has provided the required "written notice . . . , reasonably in advance, to the client and to all other parties who have appeared in the case." Civil L.R. 11-5 (a).

Second, even if Plaintiffs' counsel violated ethical rules of conduct as Zamora contends, the case relied on by Zamora indicates that such allegations would be more appropriately addressed in a separate lawsuit for malpractice. *See Nichols v. Keller*, 15 Cal. App. 4th 1672 (1993) (appeal from summary judgment in a legal malpractice action). As discussed below, the Court finds that counsel complied with certain relevant rules of professional conduct. Zamora has cited no authority, and the Court is aware of none, for the proposition that other alleged attorney misconduct means that the Court should require counsel to continue representing Zamora.

Third, the Court applies the California Rules of Professional Conduct to determine whether to allow counsel to withdraw. *Sec. & Exch. Comm'n v. YouPlus, Inc.*, No. 5:20-cv-04855-BLF, 2024 WL 3906759, at *1 (N.D. Cal. Aug. 19, 2024). Rule 1.16(b)(4) allows counsel to withdraw if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively." Counsel has declared under penalty of perjury that:

> The Firms had a fundamental disagreement with Mr. Zamora about the resolution of, value of, and strategy for his case. The Firms helped to obtain a settlement value from Gilead for Mr. Zamora's claims. Mr. Zamora has rejected this offer and wishes to continue pursuing his claims in litigation. Based on the Firms' expertise and years of collective experience as personal injury lawyers, the Firms believe that the settlement value offered represent[s] appropriate value for Mr. Zamora's claims, and fundamentally disagree with Mr. Zamora's proposed course of action.

ECF No. 113-1 ¶ 26. Although Zamora states, "My Motion for Reconsideration is not based on disagreement with settlement value but rather on the lack of clear, individualized legal advice I received during critical decision-making periods," ECF No. 114-1 ¶ 1, Zamora does not dispute

4

1  that he disagrees with counsel regarding whether to accept the settlement offer or that, despite this
2  disagreement and the communication issues Zamora cites, counsel could nonetheless continue to
3  represent Zamora effectively.  Disagreements about how a case should proceed indicate a
4  "breakdown in the attorney-client relationship," which "weighs in favor of granting withdrawal."
5  *Pi-Net Int'l, Inc. v. Presidio Bank*, No. 12-cv-04962-TSH, 2018 WL 4521240, at *4 (N.D. Cal.
6  Sept. 19, 2018); *see also Max v. Hernandez*, Civ. No. 04cv1189-L(AJB), 2007 WL 2990086, at *1
7  (S.D. Cal. Oct. 11, 2007) (granting withdrawal where counsel maintained there was "a breakdown
8  in the attorney-client relationship due to disagreements regarding the best way to proceed and
9  Plaintiff's unwillingness to follow the counsel's advice").

10  Rule 1.16(d) of the California Rules of Professional Conduct requires counsel, prior to
11  withdrawal, to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of
12  the client, such as giving the client sufficient notice to permit the client to retain other counsel, and
13  complying with paragraph (e)," which requires counsel to release client materials and property
14  back to the client and to "refund any part of a fee or expense paid in advance that the lawyer has
15  not earned or incurred," except for "a true retainer fee paid solely for the purpose of ensuring the
16  availability of the lawyer for the matter."  Counsel have given Zamora advanced written notice of
17  their intent to seek withdrawal, and Zamora has had several months to find new counsel.  As set
18  forth below, the Court will also grant additional time for Zamora to continue to seek
19  representation by other counsel.  Counsel have not collected any fees or expenses in advance, and
20  they will, if representation is terminated, "promptly release to the client, at the client's request, all
21  client materials and property."  ECF No. 113-1 ¶ 29.  The Court therefore finds that counsel's
22  motion to withdraw complies with Rule 1.16(d).

23  Finally, "[t]he decision to permit counsel to withdraw is within the sound discretion of the
24  trial court."  *YouPlus*, 2024 WL 3906759, at *1 (citing *United States v. Carter*, 560 F.3d 1107,
25  1113 (9th Cir. 2009)).  When making that decision, courts consider several factors, including:
26  "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause
27  to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and
28  (4) the extent to which withdrawal will delay resolution of the case."  *Id.* (quoting *In re Pers. Web*

*Techs., LLC et al., Pat. Litig.*, No. 18-md-02834-BLF, 2022 WL 2290592, at *3 (N.D. Cal. June 24, 2022)). As noted above, counsel seek to withdraw for a permissible reason: fundamental disagreements with Zamora regarding how to proceed with his claims. Although withdrawal could leave Zamora unrepresented by counsel if he is unable to find another attorney to take his case, this possibility "does not provide grounds for denying [counsel's] motion to withdraw in light of the breakdown in the attorney-client relationship." *Hunter v. Sokoloff*, No. 14-cv-05031-JST (LB), 2019 WL 5655013, at *3 (N.D. Cal. Oct. 31, 2019). Additionally, Defendant Gilead Sciences, Inc. did not oppose Plaintiffs' counsel's motion to withdraw, *Holley* ECF No. 1674, and the Court therefore finds no prejudice to Gilead. The Court also finds no prejudice to other individual Plaintiffs who remain in the case, as resolution of their claims is not dependent on how Zamora's case proceeds. As to the remaining factors, although these cases have been on the Court's docket for several years, common-issue discovery and motion practice has concluded and the next round of bellwether trials has been scheduled, with the first trial scheduled to begin on March 8, 2027. *Holley* ECF No. 1678 at 4. Case-specific discovery has not yet begun as to Zamora, and no trial dates have been set as to Zamora's case. Thus, Zamora's individual case remain at an early stage of litigation, and granting counsel's motion to withdraw is unlikely to delay its resolution or harm the administration of justice.

Zamora argues in his reply that "the order granting [counsel's motion to] withdraw would ultimately lead to dismissal of claims by the court." ECF No. 114 at 4. However, as set forth below, while dismissal is one possible outcome—including if Zamora fails to prosecute this case while representing himself—it is not a foregone conclusion. If Zamora locates another attorney to represent him in this case, Zamora's claims will proceed as part of the cases covered by the Sixteenth Amended Scheduling Order, as that order may be amended by further orders of the Court, which governs "the cases remaining to be tried in which Plaintiffs are represented by counsel." *Holley* ECF No. 1678 at 1. If Zamora is unable to find new counsel and instead files a notice of intent to proceed by representing himself without a lawyer, the Court will issue an order setting a case management conference with all Plaintiffs who are proceeding without a lawyer. All such Plaintiffs, as well as counsel for Gilead, will appear before the Court via Zoom or

6

telephone for the case management conference, and the Court will explain how it intends to proceed.

For the above reasons, the Court denies Zamora's motion to reconsider the Court's prior order granting Plaintiffs' counsel's motion to withdraw. The Court now orders as follows:

1. The stay as to Zamora's claims is lifted.

2. Because Zamora has registered with the ECF system and is able to receive notices of filings by email, the Court terminates the requirement that papers continue to be served on Plaintiffs' counsel for forwarding to Zamora. *See* ECF No. 104 at 4.

3. Zamora has an additional 35 days in which to attempt to locate alternate counsel. Within that time period, Zamora shall file either a notice of appearance through new counsel or a notice of intent to proceed by representing himself without a lawyer.

4. If Zamora does not file a notice by the above deadline, either through new counsel or by representing himself, his claims will be subject to dismissal. Prior to his claims being dismissed, Gilead must file a motion to dismiss and serve it directly on Zamora. The motion shall indicate that Zamora must file any opposition to the motion within 28 days of the motion's filing. If Zamora does not file an opposition before that deadline, his claims will be dismissed for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. Dismissal would mean that Zamora will not receive any money or other relief from this lawsuit.

5. If Zamora files a notice of intent to proceed without a lawyer, the Court will schedule a case management conference by Zoom to discuss with Zamora and Gilead how this case will proceed.

6. The Court reminds Zamora that if his address changes, he "must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." Civil L.R. 3-11(a).

The Court encourages Zamora to consult the resources for self-represented litigants available on the Court's website, https://cand.uscourts.gov/pro-se. If Zamora seeks assistance in finding a lawyer, the Court's *Handbook for Pro Se Litigants*, https://cand.uscourts.gov/pro-se-handbook/, includes on page 5 (or page 11 using the PDF numbering system) contact information

for local bar association legal referral services.  Zamora may also wish to seek assistance from the free Legal Help Center operated by the Bar Association of San Francisco.  The Legal Help Center sets up appointments to speak with a lawyer for basic legal help, but it does not provide legal representation.  Appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated:  May 8, 2025



JON S. TIGAR
United States District Judge