UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN HOLLEY, et al.,

Plaintiffs,

v.

GILEAD SCIENCES, INC.,

Defendant.

Case No. 18-cv-06972-JST

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF DIANA CASH; ORDER DIRECTING CLERK TO CLOSE CASE NO. 23-cv-01266**

Re: ECF Nos. 1776, 1786

This order relates to:

*Cash v. Gilead Sciences, Inc.*, Case No. 4:22-cv-08970-JST

*Cash v. Gilead Sciences, Inc.*, Case No. 23-cv-01266-JST

Before the Court is Defendant Gilead Sciences, Inc.'s motion for judgment on the pleadings on Plaintiff Diana Cash's claims. ECF No. 1776.[1] Cash, who represents herself, filed a document that she titled, "Notice of Motion and Motion for Judgment on the Pleadings," but the Court construes that document as her opposition to Gilead's motion and not as a motion for separate relief.[2] ECF No. 1786. The Court finds Gilead's motion to be suitable for resolution without oral argument, *see* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b), and will now grant the motion.

I.      BACKGROUND

Cash's claims were originally brought through counsel in a multi-plaintiff complaint in

---

[1] Unless otherwise noted, ECF citations refer to the docket in Case No. 18-cv-6972.

[2] Cash's filing requests that the Court enter "an order dismissing Defendant['s] complaints on the ground that Defendant has failed to state a claim upon which relief can be granted." ECF No. 1786 at 3–4. However, there are no such complaints to be dismissed because Gilead has not asserted any claims against Cash.

United States District Court
Northern District of California

*Mosely v. Gilead Sciences, Inc.*, Case No. 19-cv-5816.  On March 5, 2021, counsel moved to withdraw from representing Cash, citing Rule 1.16(b)(1) of the California Rules of Professional Conduct.  ECF No. 591; ECF No. 591-1 at 2.  That rule allows counsel to withdraw from representation if "the client insists upon presenting a claim or defense in litigation . . . that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law."  Cal. R. Prof. Conduct 1.16(b)(1).  The motion to withdraw was granted on April 7, 2021, ECF No. 645, and Cash proceeded to represent herself.  On November 22, 2021, Gilead moved to dismiss Cash's claims without prejudice because she failed to submit a Plaintiff Fact Sheet as required by the Court's orders.  ECF No. 838.  The Court granted the motion on December 28, 2021.  ECF No. 866.

On November 24, 2021, Cash, representing herself without a lawyer, filed a complaint in New York state court.  *Cash v. Gilead Scis., Inc.*, No. 23-cv-1266 ("*Cash II*"), ECF No. 1-4 at 2. In its entirety, the complaint states: "Personal Injuries for $15,000.00 with interest from 01/01/2010; Failure to provide proper services for $9,000.00 with interest from 01/01/2010; Return of Security for $500.00 with interest from 01/01/2010; Unpaid Wages for $500.00 with interest from 01/01/2010."  *Id.*  Gilead removed the case to the Eastern District of New York, which transferred the case to this district on March 17, 2023.  *Cash II*, ECF Nos. 1, 8.

On December 13, 2022, Cash, again representing herself without a lawyer, filed another complaint in the Eastern District of New York.  *Cash v. Gilead Scis., Inc.*, No. 22-cv-8970 ("*Cash I*"), ECF No. 1.  In that complaint, she alleged that she suffered various side effects from taking one of Gilead's medications.  *Id.*  The case was transferred to this district on December 16, 2022.  *Cash I*, ECF No. 4.

The Court consolidated both *Cash I* and *Cash II* with *Holley v. Gilead Sciences Inc.*, Case No. 18-cv-6972, on May 24, 2023.  ECF No. 1293.  Gilead now seeks judgment on the pleadings in both *Cash I* and *Cash II*.  ECF No. 1776.

## II.    LEGAL STANDARD

Motions for judgment on the pleadings are brought under Rule 12(c) of the Federal Rules of Civil Procedure.  Rule 12(c) motions are evaluated under the same standard as Rule 12(b)(6)

motions to dismiss. *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Courts must "view[] the facts as presented in the pleadings in the light most favorable to the plaintiffs, accepting as true all the allegations in their complaint and treating as false those allegations in the answer that contradict the plaintiffs' allegations." *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992). To survive the motion, the complaint does not need to include "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    DISCUSSION

Having reviewed the pleadings in both *Cash I* and *Cash II*, the Court concludes that Gilead is entitled to judgment on the pleadings in both cases. In *Cash I*, Cash alleges that she suffered multiple side effects from taking Atripla, one of Gilead's medications. As Gilead correctly observes, however, the complaint does not "articulate[] any theory, based on warnings, design, or otherwise, that would entitle her to damages for her alleged harm." ECF No. 1776 at 6. Her opposition to Gilead's motion similarly asserts vague allegations of harm without presenting any basis on which Cash seeks to hold Gilead liable. For example, she states, "Plaintiff has all the rights to continue in this law suit against[] Defendant; Gilead medication Atripla violated Plaintiff['s] Rights. . . . The Defendant Gilead['s medication has] various side effects [and] damages [that Plaintiff] experienced." ECF No. 1786 at 7–8. She further states, "Gilead Sciences Inc. have . . . had clients die[] from liver and kidney failure." *Id.* at 10. Her opposition contains a list of side effects and attaches medical records, but this only provides more detail to the harm that Cash alleges she suffered. Neither the complaint nor the opposition indicate what causes of action Cash seeks to bring. Instead, like the complaint, Cash's opposition presents "an unadorned, the-defendant-unlawfully-harmed-me accusation," which is insufficient to survive a motion for judgment on the pleadings. *Iqbal*, 556 U.S. at 678. The Court therefore grants Gilead's motion as to *Cash I*.

The complaint in *Cash II* is even more deficient because it alleges no facts at all and, instead, asserts only that Cash is entitled to $25,000 plus interest based on unspecified "Personal

United States District Court
Northern District of California

Injuries," "Failure to provide proper services, "Return of Security," and "Unpaid Wages." *Cash II*, ECF No. 1-4 at 2. Cash does not, for example, indicate how she has been injured or why Gilead should be held liable for causing any of those injuries. Nor does she allege what services she believes Gilead was obligated to provide, what security was allegedly not returned, or whether she has any basis to assert a claim for unpaid wages. Accordingly, the Court also grants Gilead's motion as to *Cash II*.

"[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend, and to simply grant dismissal of the action instead of entry of judgment." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted). Courts should grant leave to amend, even if the plaintiff did not request it, unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam). The Court cannot say that Cash's pleading could not possibly be cured, and it will therefore grant leave to amend even though Cash did not request it.

### CONCLUSION

For the above reasons, the Court grants Gilead's motion for judgment on the pleadings with leave to amend. This means that Cash will have another opportunity to attempt to file a complaint that sufficiently presents her claims. The amended complaint, if any, must be filed no later than June 26, 2026. If Cash does not file an amended complaint by that deadline, the Court will dismiss her claims with prejudice, which means that she will no longer be able to pursue these particular claims against Gilead.

Because there is no need for Cash to have two open cases based on the same set of claims, the Clerk is directed to close *Cash II*, Case No. 23-cv-1266.

**IT IS SO ORDERED.**

Dated: May 22, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4